458 So.2d 350 (1984)
Herbert Lowell HUBLER, Appellant,
v.
STATE of Florida, Appellee.
No. AS-485.
District Court of Appeal of Florida, First District.
October 18, 1984.
Rehearing Denied November 13, 1984.
*351 Rhonda S. Martinec, of John F. Daniel, Chartered, Panama City, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Herbert Lowell Hubler, defendant below, appeals a four-year sentence imposed as a result of his conviction of aggravated battery with a deadly weapon.[1] The issue presented is whether Hubler's apparent lack of remorse, his failure to plead guilty, and the trial court's belief that Hubler suborned perjury were impermissible aggravating factors considered by the trial court in sentencing.
Hubler was charged with aggravated battery with a deadly weapon in violation of section 784.045(1)(b), Florida Statutes. He pled not guilty and proceeded to trail by jury. The state's witnesses testified that Hubler, while deer hunting with friends, got into a fight with an owner of property on which they were hunting, resulting in Hubler striking the landowner with a large tree root. In defense, Hubler's counsel attempted to show that Hubler was not the individual involved and introduced testimony of four witnesses that Hubler was with them shopping and running errands at the time of the incident. Hubler did not testify on his own behalf. The jury returned a verdict of guilty, and a presentence investigation was ordered by the court. The presentence investigation contained the following recommendation:
The defendant has no felony convictions, however has had minor problems with the law, of which the charges for both Trespassing and Battery[[2]] are similar in nature to the instant offense, and consistent to the reported behavior of the defendant by victim, Waldo Evans. On *352 the other hand, the defendant has provided numerous letters of reference from reputable citizens in Washington County, with the general opinion that Hubler is a good moral character, and not known to be a menace or threat to society. He is known to be a hard worker, always supporting his family, and has been supported throughout the court proceedings by his wife. It is felt by this officer that Hubler could benefit from probation supervision, has a bonafide (sic) residence, and employment, and felt to be able to live same without revocation or problem. However, on the other hand, the court also has to consider the amount of remorse, of which, there is none, due to the fact that the defendant maintains his innocence. Also, it is law enforcement's contention that due to the defendant fighting the system all the way through, he is not worthy of probation consideration. (R.56) (Emphasis supplied)
At the sentencing hearing, Mr. Sapp, the defense counsel, urged probation based upon his belief that Hubler was "sorry for the things that happened." In response, the prosecutor made the following statements:
Judge, one comment that Mr. Sapp made that I find hard to believe was that Mr. Hubler is contrite and sorry for what happened, considering that when the presentence investigation was conducted he stuck to the same story that `he didn't even do anything.' And I find it hard to believe that someone could be sorry for something that they didn't think that they had done. And I think that the thing that concerns the State most in this case is that Mr. Hubler, in effect, has suborned at least four, possibly five cases of perjury. He has had his father-in-law take the stand and lie. He has had his mother-in-law take the stand and lie. He has had his wife take the stand and lie. He has had Chip Coatney take the stand and lie. And he has had Mack Dixon take the stand and lie. And the State would respectfully request the Court to keep in mind those factors when passing sentence. We think that probation is definitely a privilege that the Court can bestow on someone who is worthy of it. But we find it hard to believe that anyone who would have someone else take the stand and lie for them would be worthy to be placed on probation to be administered by the State of Florida. (T.361) (Emphasis supplied)
The trial court then commented, prior to announcing Hubler's sentence:
Mr. Hubler has placed himself in a quite untenable situation. He can't really be too contrite. He can't be too repentent at this time. If he does he will acknowledge that five people have gotten on the stand and perjured themselves.
* * * * * *
Either there's been a horrible miscarriage of justice: the State has produced a witness that has perjured himself, and has succeeded ... At least two, including the young Carter boy, as well as the victim. And they have lied and perjured themselves, and manufactured evidence for whatever reason I can't conceive of, and a horrible miscarriage of justice has been done as far as that is concerned. Or either Mr. Hubler has suborned at least four  Mack Dixon tried to lie both ways, apparently ... I don't know what Mack was trying to do. The other four as far as my belief is concerned obviously lied under oath, which actually I consider a great deal more serious charge than the charge that Mr. Hubler was charged with originally.

* * * * * *
Perjury, as I have previously have said, is a great deal more serious charge than the assault. With the record that Mr. Hubler has had he come in and acknowledged the charge, shown some remorse, taken that approach, he would obviously have gotten probation, maybe a small fine, a few weekends in jail, a month or two in jail at the most.
* * * * * *

*353 I have difficulty recognizing his perspective in life because nothing I, no sentence facing me could have gotten me to do what I believe Mr. Hubler has done in this case. So if it is a miscarriage of justice as far as Mr. Hubler is concerned, and he has been `had' by the system, I have no choice but to be a part of that system if it is error, and to accept the facts as I believe them to be, and as the jury believed them to be, and apparently as most everybody believes to be except the parties assembled here. (T. 363-366) (Emphasis supplied)
Hubler argues that the trial judge impermissibly enhanced the sentence imposed due to (1) lack of remorse implied from his refusal to admit guilt; (2) his failure to plead guilty and thus avoid trial; and (3) his solicitation of perjured testimony.
Hubler cites Jackson v. Wainwright, 421 So.2d 1385 (Fla. 1982), for the proposition that it is "improper to consider a defendant's lack of remorse as an aggravating circumstance in imposing sentence" (appellant's brief, p. 12). The state's brief does not dispute the accuracy of this statement. We note, however, that Jackson was a capital punishment case which was necessarily decided in the context of statutorily mandated aggravating and mitigating circumstances. § 921.141, Fla. Stat. Whether the Jackson decision stands for the broad proposition cited above in every case, regardless of its factual context, is open to question. In the context of this case, however, where the defendant has at all times denied committing the battery charged and has persisted in maintaining his innocence, we conclude that it was improper for the trial court to aggravate the sentence imposed because the defendant failed to exhibit remorse for having committed the offense. This is but a corollary of the rule that a trial court may not impose a greater sentence because the defendant has availed himself of his constitutional right to a trial by jury. Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), quashed in part on other grounds, 390 So.2d 62 (Fla. 1980).
In Gallucci, the appellate court vacated the defendant's sentence, reasoning that where a defendant has pled guilty the trial court "may consider the plea itself as a step toward rehabilitation," but that "it is not so easy to simply turn the coin over and conclude that a request for a trial is an indication that a defendant cannot be rehabilitated" because:
[O]ur system presumes innocence and rightfully holds in high esteem an individual's right to trial by jury. And such right may be exercised freely by an individual, without fear that the choice to go to trial will be held against him.
371 So.2d at 150.
It is also evident that the trial judge, in sentencing Hubler, gave great weight to his belief that Hubler was guilty of subornation of perjury. The trial judge's previously quoted comments, although apparently made in good faith, indicate that Hubler's four-year sentence was imposed not so much as punishment for aggravated battery, but because appellant was deemed guilty of suborning perjury during trial. Hubler, however, had not been charged with or convicted of inducing witnesses to testify falsely in violation of section 918.14(1)(a), Florida Statutes. The fact that the jury convicted the defendant does not establish perjury by the defense witnesses or subornation of perjury by the defendant. Evidence of this jury's decision to convict would not be admissible in a subsequent prosecution for perjury or subornation of perjury. Gordon v. State, 104 So.2d 524 (Fla. 1958). If the trial court's reasoning were allowed to stand, the defendant would be effectively sentenced for committing subornation of perjury without the state having filed a charge or obtained a conviction. It would follow from such reasoning that every accused person convicted of a crime should have his or her sentence enhanced if the testimony of witnesses supporting his or her defense was not accepted and believed by the jury. We *354 do not believe the law should sanction this result.[3]
The combination of sentencing errors discussed above requires that appellant's sentence be vacated and set aside. As in Gallucci, supra, "in an abundance of caution" to insure completely fair proceedings, we also "think it best ... that the appellant be resentenced by another judge to be assigned by the chief judge of the circuit." 371 So.2d at 150.
Accordingly, appellant's sentence is VACATED and the case if REMANDED for further proceedings consistent with this opinion.
ERVIN, C.J., concurs.
BOOTH, J., dissents.
NOTES
[1] This sentence was not imposed pursuant to the new sentencing guidelines, rule 3.701, Florida Rules of Criminal Procedure.
[2] Both of these offenses occurred five to eight years before the incident giving rise to the case. The trespassing charge resulted in a fine of $101. Hubler said he pled no contest to the battery charge because payment of $37.50 court costs, the only penalty imposed, was cheaper than fighting the case.
[3] By way of analogy, we note that the sentencing guidelines in rule 3.701, Florida Rules of Criminal Procedure, although not applicable to this case, support the view that an offender's sentence on conviction of one crime should not be enhanced due to the alleged commission of another crime for which conviction has not been obtained.