462 So.2d 23 (1984)
Edward Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-124.
District Court of Appeal of Florida, Fourth District.
December 5, 1984.
*24 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
We affirm this cause, but remand for resentencing.
Under Florida Rule of Criminal Procedure 3.701(b)(6), clear and convincing reasons for departure must be articulated in writing. Conceding that the written requirement may be satisfied by transcription into the record, see Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), there still remains the need for articulation of what it is that is clear and convincing. We do not believe this need was satisfied here and we remand with directions that:
1. The trial judge may not depart from the guidelines because a harsher sentence will act as a "deterrent to others." We agree that punishment should be a deterrent, but there is no cause to suppose that a sentence may be enhanced for this reason alone. If that were so, all punishments would automatically be aggravated, the very antithesis of what the guidelines were designed to accomplish.
2. The trial judge may not take into account prior "criminal activity." However, he may consider prior criminal convictions. See Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984) and Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
There is no scoresheet included in this record so that we have no way of knowing if a "double dipping" sentence was imposed. See Davis v. State, supra. However, the problem of departing the guidelines for prior convictions which have already been factored in on the scoresheets is of great concern to us. We have certified this question to the Supreme Court in Davis v. State, supra, and it would be less than fair if we failed to do the same here. Accordingly, believing the matter to be of great public importance we ask our mentors in Tallahassee the following question:
IF THE SCORESHEETS MAKE PROVISION FOR PRIOR CONVICTIONS, CAN THOSE CONVICTIONS ALSO CONSTITUTE CLEAR AND CONVINCING REASONS FOR AGGRAVATED PUNISHMENT OUTSIDE THE GUIDELINES?
AFFIRMED AND REMANDED FOR RESENTENCING.
DOWNEY and HURLEY, JJ., concur.