464 So.2d 596 (1985)
Robert Leon BOWDOIN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2764.
District Court of Appeal of Florida, Fourth District.
February 20, 1985.
Rehearing Denied March 27, 1985.
*597 Ben W. Grigsby, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks reversal of a conviction of robbery with a deadly weapon and sentence to eight years' incarceration. We have considered all three of the appellate points presented and find only one has any merit, that being the departure from the sentencing guidelines.
At trial appellant presented witnesses who testified to an alibi, that appellant was at home having dinner and watching television during the time of the robbery. In the sentencing phase of the case the trial court had available a presentence report that indicated appellant had used marijuana during his high-school years. In sentencing appellant the trial court departed from the sentencing guidelines and the indicated term of four years' incarceration, and sentenced appellant to eight years' incarceration. The stated reasons for deviation were appellant's prior use of marijuana, his use of a gun in the commission of the crime, and his lying under oath in claiming an alibi.
We hold none of the enumerated factors relied upon in this case justified the departure from the guidelines and, thus, the departure constitutes an abuse of discretion. The use of a firearm was already factored into the presumptive sentence. Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1984). The use of marijuana during his high-school days was not a circumstance surrounding the offense. Fla.R. Crim.P. 3.701(b)(3). Finally, as appellant puts it, "it is apparent [from the judge's colloquy] that the Trial Court intended to punish this defendant in that he believed that a defensive alibi that fails because of conviction by a jury ... is tantamount to prove that the defendant and/or his witnesses have lied." To depart from the guidelines because the jury did not "buy" a defendant's defense is somewhat analogous to enhancing a defendant's sentence because he shows no remorse when all the while he maintained he was innocent. That enhancement practice has been condemned. Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
For the foregoing reasons we affirm the judgment of conviction, but reverse the sentence and remand the cause for resentencing.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
HERSEY and HURLEY, JJ., concur.