BARKETT, Judge.
Roger Wiggins was convicted of grand theft of an automobile and aggravated battery. He contends the trial court erred in departing from the sentencing guidelines in sentencing him. The trial court listed six reasons for the departure. Three of the six reasons given cannot justify departure from the guidelines. These three are: (1)-that the defendant caused serious and permanent harm to Officer Picklo when he intentionally and deliberately drove an automobile into Picklo; (2) that the defendant planned and calculated the grand theft with clear premeditation by stealing the *258 keys the day before stealing the automobile; and (3) that the defendant did not demonstrate any remorse or regret for his crimes.
The trial court erred in considering Picklo’s injury as a reason for departing from the guidelines. Wiggins received 24 points on his score sheet for moderate victim injury to Picklo. The injury sustained by Picklo, while unfortunate and worthy of punishment by scoring points for “victim injury” on Wiggins’ score sheet, does not additionally justify departing from the guidelines. See Knowlton v. State, 466 So.2d 278, 280 (Fla. 4th DCA 1985); Mischler v. State, 458 So.2d 37, 38 (Fla. 4th DCA 1984).
Similarly, the trial court erred in considering Wiggins’ “premeditation” of grand theft by stealing the keys to the automobile prior to stealing the automobile itself. An inherent component of a erime will not justify a departure from the guidelines because the component is already built into the guidelines. Baker v. State, 466 So.2d 1144, 1145 (Fla. 3d DCA 1985); Knowlton, 466 So.2d at 280. Moreover, there was no evidence presented at trial that Wiggins had in fact stolen the keys a day before stealing the automobile. The record does not contain a proper evidentia-ry basis for such a conclusion. Thus, this reason for departure is not justified on the facts. Cf. Wyman v. State, 459 So.2d 1118 (Fla. 1st DCA 1984).
Additionally, the trial court erred in considering Wiggins’ lack of remorse as a reason for departing from the guidelines. A court may not depart from the guidelines “simply because a defendant testifies at trial that he did not commit the crime alleged.” Garcia v. State, 466 So.2d 1211, 1212 (Fla. 4th DCA 1985). See also Bowdoin v. State, 464 So.2d 596, 597 (Fla. 4th DCA 1985); Hubler v. State, 458 So.2d 350, 353 (Fla. 1st DCA 1984); Mischler, 458 So.2d at 38.
Finding three of the trial court’s six reasons for departure invalid, we reverse and remand this case to the trial court for reconsideration and resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
REVERSED AND REMANDED FOR RESENTENCING.
HURLEY, J., and WESSEL, JOHN D., Associate Judge, concur.