475 So.2d 1342 (1985)
Harry BEAUVAIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1590.
District Court of Appeal of Florida, Third District.
October 1, 1985.
Bennett H. Brummer, Public Defender, and Rory S. Stein and Marti Rothenberg, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
*1343 Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
This appeal is from a conviction and sentence for armed robbery, aggravated battery and carrying a concealed firearm.
Appellant Harry Beauvais argues on appeal that the trial court erred in departing from the sentencing guidelines range of five and one-half to seven years incarceration, by imposing a sentence of nine years. The trial judge's sole reason for departing from the guidelines was that she believed the "defendant perjured himself knowingly in court."
Florida Rule of Criminal Procedure 3.701 d.11. provides in part, "[d]epartures from the guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence." The circumstances leading the trial court to find that Mr. Beauvais had falsely testified are as follows. At trial, Mr. Beauvais and a corroborating witness, Mr. Las Pinas, testified that Mr. Beauvais was innocent of the crimes charged because he was repairing Mr. Las Pinas' car at the time. Mr. Beauvais' defense was directly contradicted by the testimony of the victim of the battery and robbery. The jury found him guilty of the aforementioned crimes. The trial court departed from the guidelines and aggravated his sentence based on Mr. Beauvais' false testimony at trial.
In evaluating whether clear and convincing reasons have been given, our role is not to reevaluate the judge's sentencing discretion but rather to assure that there is no abuse of discretion. Albritton v. State, 476 So.2d 158 (Fla. 1985); Santiago v. State, 459 So.2d 468 (Fla. 1st DCA 1984); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
Under the facts of this case, the trial court's reason for departing from the guidelines meets the clear and convincing standard set forth in Rule 3.701 d. 11. We must now determine whether the reason the trial judge gave in departing from the guidelines was valid. We find the defendant's apparent untruthfulness during trial is not a proper sentencing consideration. Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985); Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); see Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985); Garcia v. State, 466 So.2d 1211 (Fla. 4th DCA 1985); Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
The basis for our holding is found in Hubler v. State, 458 So.2d at 353. In Hubler, the trial judge enhanced the defendant's sentence because he believed the defendant had suborned perjury. In ruling that such was an impermissible consideration, the court stated:
If the trial court's reasoning were allowed to stand, the defendant would be effectively sentenced for committing subornation of perjury without the state having filed a charge or obtained a conviction. It would follow from such reasoning that every accused person convicted of a crime should have his or her sentence enhanced if the testimony of witnesses supporting his or her defense was not accepted and believed by the jury. We do not believe the law should sanction this result.
Id. at 353-354.
We recognize that there exists authority that a trial court may consider a defendant's false testimony at trial in the sentencing decision.[1] However, we feel that we are bound to follow the direction of the *1344 Florida Supreme Court which has implicitly disapproved these holdings. Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985).
We agree with the observation of the Florida Supreme Court in Daytona Beach v. Del Percio, 476 So.2d 197. In Del Percio, the court considered whether a punishment imposed by the trial court violated the defendant's right to trial, and remarked upon whether the defendant's alleged perjury before the trial court was a proper sentencing consideration. The Florida Supreme Court stated:
[T]he proper method of imposing punishment for perjury would be through a separate prosecution. Conflicting evidence inheres in most trials, and to allow imposition of a harsher sentence merely because the trial judge believes the evidence supporting his finding of guilt, would create a catch-22  the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial.
Id. at 205.
The aggravation of Mr. Beauvais' sentence under the guidelines constitutes punishment for perjury. Enhancement of the defendant's sentence impermissibly chills the defendant's assertion of the fifth amendment right not to plead guilty and exercise of the sixth amendment right to trial. It is a well-established rule that any judicially imposed penalty which discourages assertion of the fifth amendment right not to plead guilty and deters exercise of the sixth amendment right to demand a trial is patently unconstitutional. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), quashed on other grounds, 390 So.2d 62 (Fla. 1980).
For the foregoing reasons and based upon the authorities cited, the sentence imposed by the trial court is vacated and the cause remanded for the entry of sentence in accordance with the sentencing guidelines.
Reversed and remanded.
NOTES
[1] United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 52 L.Ed.2d 582 (1978); Hyde v. State, 438 So.2d 1078 (Fla. 1st DCA 1983); Hector v. State, 370 So.2d 447 (Fla. 1st DCA 1979); see Hernandez v. State, 446 So.2d 235 (Fla. 3d DCA 1984) (defendant's out of court untruthfulness may be considered by court in determining sentence, citing to Grayson and Hector.)