476 So.2d 309 (1985)
Quintin Stacey ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1962.
District Court of Appeal of Florida, Second District.
October 9, 1985.
*310 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Quintin Stacey Allen appeals from his convictions for manslaughter, kidnapping, robbery, and burglary. The trial judge departed from the guidelines and sentenced him on these offenses to concurrent terms of imprisonment of fifteen years, twenty-five years, fifteen years and fifteen years, respectively. We affirm appellant's convictions but reverse and remand for resentencing.
At sentencing, the trial judge announced these reasons for sentencing outside the guidelines:
1. The jury disregarded their instructions and returned an erroneous verdict of manslaughter rather than first degree murder.
2. The co-defendant received a thirty-year sentence; appellant's involvement was just as great and no reason existed for differentiating between them.
3. The victim was particularly vulnerable and was treated with particular cruelty.
4. The crimes were committed for pecuniary gain.
5. Imposition of a guidelines sentence would depreciate the seriousness of the crime.
6. A guidelines sentence would be of no deterrence to others.
Clearly, reasons 1, 2, 4, 5 and 6 are impermissible reasons for aggravating appellant's sentences. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985), Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985), Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984) (cases holding that the court cannot consider factors relating to instant offense for which convictions have not been obtained); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985), Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985) (cases holding that the court cannot use factors which are inherent elements of the crime(s) for which defendant is convicted as grounds for departure); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985) (ambiguous and unrelated reason is inadequate to justify departure); Williams v. State, 462 So.2d 23 (Fla. 4th DCA 1984), Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984) (cases holding that a harsher sentence is insufficient if solely on basis of "deterrence to others").
The only reason which would constitute a clear and convincing reason for departure is reason 3. Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984). Our supreme court has recently held:
[T]hat when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
Albritton v. State, 476 So.2d 158 (Fla. 1985). On the record before us we are unable to determine beyond a reasonable doubt whether elimination of the impermissible reasons would have affected the departure sentence. Therefore, in accordance *311 with Albritton, we reverse appellant's sentences and remand for resentencing.
The convictions are affirmed, the sentences are reversed and the case is remanded for resentencing.
SCHEB, A.C.J., and CAMPBELL, J., concur.