478 So.2d 433 (1985)
Donald R. SHELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-104.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
*434 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley and Kevin Kitpatrick Carson, Asst. Attys. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Shelton appeals his departure sentence which he received in this case for grand theft. The presumptive sentence was any nonstate prison sanction, but the trial court increased the severity of the sentence up three sentence range brackets, to four years in prison. We reverse because we find the reasons given for the departure sentence were not clear and convincing, or were not supported by the record. Fla.R. Crim.P. 3.701(d)(11).
The court gave as its reasons for departure in this case, the following:[1]
I. This defendant was previously placed on probation approximately six years ago for an offense wherein he was taking advantage of people who trusted him, to-wit worthless checks, and he was put on probation for that crime. This attempted non-prison rehabilitation did not change this defendants' [sic] scheme of attempting to take advantage of people who trusted him and this court is now convinced that the defendant is not amenable to non-prison rehabilitation and that the ends of justice, and the protection of the public, now require that the defendant be punished by confinement in the state prison.

*435 II. This Court has considered the class that this victim falls into  to wit, a poor defenseless widow  and finds that this class of victim needs extra judicial protection from unscrupulous defendants that would prey upon their vulnerability until the victim trusts them and then take advantage of that trust.
III. This Court has considered the surrounding circumstances of this case and finds that the charged crime was only one (1) of the common scheme. It was evident from the testimony at the trial that not only did the Defendant steal the widow's car but also took her three (3) hand guns and a T.V. Set. Stealing these things was not enough, the Defendant then committed another crime by selling these stolen items to other trusting people.
IV. This Court observed the Defendant's demeanor during the time of trial and at no time did the Court see any type of remorse for this crime. In contrast, the Court observed him during his testimony and came to the conclusion that he was again trying to "con" the Court and jury and very likely gave purjuried [sic] testimony.
V. This Court takes judicial notice that Citrus County is predominately a County that is composed of many older people and as a result thereof contains many widows. It is imperative, in this particular County, that this Court utilize its discretion as much as possible to help protect the communities [sic] extra-ordinary [sic] susceptibility to this type of crime.
The state practically concedes that reasons numbered III and IV are not clear and convincing reasons for departure. We agree. Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
With regard to the second reason, we cannot agree with the trial judge's characterization of the "victim" in this case as a "poor defenseless widow." Based on review of the record, she was a registered nurse, age 46, and was not shown to be incapable of defending herself mentally or physically in any way. Divorced in 1972, she was free to establish casual sexual relationships with adult males. She did so with appellant and at least one other adult male. She also had a comfortable lifestyle and economic status, and apparently, she still does. Appellant stole her car and some personal property, but she recovered the bulk of it.
The fifth reason given by the court we also find invalid. The purpose for adopting sentencing guidelines in this state was to bring some uniformity to sentencing rendered in the courts of the state as a whole. Albritton v. State, 476 So.2d 158 (Fla. 1985); Fla.R.Crim.P. 3.701(b). That purpose would surely be defeated if one county could opt out on account of peculiar demographic characteristics.[2] Is a person in Citrus County in more need of protection than one similarly circumstanced in Orange or Dade, because of the mix of residents? We think not.
The first reason given by the court is, therefore, the only plausible one for imposing a departure sentence. However, we find little or no support in the record to sustain the trial court's finding that the appellant engaged regularly in schemes to take advantage of people who trusted him. The sole basis for this finding is appellant's admission that he had been convicted for prior misdemeanors in 1977 or 1978, for issuing worthless checks. He explained those charges grew out of a time when his wife, who he was in the process of divorcing, was overdrawing their joint account, and he wrote checks on the account, which failed to clear. This explanation was not refuted.
The additional testimony by Hicks, an acquaintance, that appellant bragged to *436 him about "ripping off" other women is also insufficient. The guidelines forbid scoring the commission of other crimes for which a defendant has not been convicted. Fla.R.Crim.P. 3.701(d)(11). And, to the extent the departure was based on appellant's prior misdemeanor convictions, they were already included on his scoresheet, and were thus not a proper basis to depart. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
SENTENCE VACATED; REVERSED AND REMANDED TO THE LOWER COURT FOR RESENTENCING IN ACCORDANCE WITH THE PRESUMPTIVE GUIDELINE SENTENCE.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] It further stated that it would give the departure sentence for any one of them.
[2] Further, such peculiar population characteristics claimed for Citrus County are not established in this record. They are not the kind of thing a judge can take judicial notice of without compliance with section 90.204 of the Florida Evidence Code.