482 So.2d 469 (1986)
Robert Charles SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-457.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
Rehearing Denied February 7, 1986.
*470 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Robert Charles Smith appeals his convictions and sentences for the sale[1] and possession of less than twenty grams[2] of marijuana. He submits the information against him was insufficient to vest jurisdiction in the circuit court because it alleged a felony and a misdemeanor alternatively. Appellant challenges his sentences on the ground that the trial court's reasons for departing from the sentencing guidelines[3] recommended sentence are not clear and convincing. We affirm appellant's convictions but vacate the sentences.
In Fike v. State, 474 So.2d 1192 (Fla. 1985), the supreme court approved the decision of this court which held that an information alleging the sale (a felony) or delivery of an unspecified amount of marijuana (a misdemeanor) properly invoked circuit court jurisdiction. We affirm appellant's convictions on this authority. See also Ramsey v. State, 474 So.2d 1193 (Fla. 1985).
Appellant's recommended guidelines sentence was any non-state prison sanction, but the trial court increased the severity of the sentence up five cells to six years in prison. The court gave the following as its reasons for the departure jointly and severally. We shall examine the following individually to determine the propriety of the departure:
1) Defendant's testimony at the Trial was not supported by any other witness or evidence and was not believed by the jury as reflected by the guilty verdict. It is the Court's belief that defendant perjured himself while testifying.
2) Testimony elicited at Trial indicates defendant was in possession of a larger quantity of marijuana.
3) Testimony elicited at Trial indicates defendant was possessing a larger quantity of marijuana for purposes of commercial sale.
4) Testimony elicited at Trial indicates defendant was engaging in the sale of marijuana on a commercial basis for financial gain as opposed to a delivery or sale of marijuana between friends. The guidelines do not distinguish between a casual delivery and a commercial operation.
5) The commercial nature of this offense, considered in light of a second pending case charging defendant with Sale and Possession of Marijuana indicates the instant offense was not an isolated casual incident, but was in fact a well organized operation and therefore, a non-prison sanction is not in the public interest.
6) The statement of purpose for the Guidelines Rule 3.701 b provides in part `2. The primary purpose of sentencing is to punish the offender'; `3. The penalty imposed should be commensurated [sic] with the severity of the convicted offense and the circumstances surrounding the offense'. At the time of this offense, Hernando County was conducting a widescale undercover narcotic investigation aimed at street-level drug sales. A sentence in excess of the Guidelines is necessary to deter other street-level drug peddlers and serve as a message to the youth of Hernando County that street-level drug transactions are a serious violation of the law.

*471 7) Hernando County, despite the rapid urbanization of much of Florida, is still predominantly rural with an agricultural economy and culture. Much of the growth it is experiencing is a result of elderly and retired persons moving into Hernando County to escape the problems with the urban and industrial northern communities where they previously lived and worked. The district where the defendant sold the drugs in the instant case has a reputation as an area where drugs could be openly purchased and represented a potential danger to the naive and unsophisticated youth of the community, as well as the well-being of the community as a whole. The Court finds that to hopefully prevent urban type drug problems from spreading throughout Hernando County and consistent with community values, a sentence exceeding the guidelines is necessary.
With respect to the court's reason numbered 1, it is error for a trial court to aggravate a defendant's sentence on the basis that the defendant steadfastly maintained his innocence notwithstanding the existence of incriminating evidence. Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984). It follows that the trial court's belief that appellant perjured himself at trial, a crime for which appellant has neither been charged nor convicted, cannot be a clear and convincing reason for departure. Fla.R.Crim.P. 3.701(d)(11); Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985); Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985); Bowdoin; Hubler.
The court's reasons numbered 6 and 7 state that a departure sentence is necessary in the instant case in order to deter others from engaging in street-level drug sales in Hernando County. In light of the guidelines statement of purpose, see Florida Rule of Criminal Procedure 3.701(b), we reject "deterrence" as a clear and convincing reason justifying departure from the guidelines recommended sentence. See Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985); Williams v. State, 462 So.2d 23 (Fla. 4th DCA 1984) approved, 477 So.2d 570 (Fla. 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). We also find the court's reason numbered 7 invalid because it undermines the guidelines purpose of establishing some uniformity in sentencing throughout the state. Albritton v. State, 476 So.2d 158 (Fla. 1985); Fla. R.Crim.P. 3.701(b). As we stated in Shelton, we do not think a person in Hernando County is in more need of the protection of the criminal laws than is an individual in similar circumstances in any other county in the state.
The trial court's reasons 2 through 5 fall within this court's ruling in Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984) where it was held that some drug sellers can be treated more harshly than others. Where it is evident that a defendant is in the business of selling drugs he can be sentenced heavier than if he merely engaged in an isolated incident, or "casual" sale. Based upon the trial court finding, in reasons 2 through 5 combined, we uphold the departure.
Deer v. State, 476 So.2d 163 (Fla. 1985) and Albritton, require appellate courts to review the extent of departure sentences to determine whether they are excessive. We decline to perform such a review at this juncture because we deem it best to reverse the sentence and to remand the case to the trial court for resentencing. This is done to allow the trial judge to take into such a review at this juncture because we deem it best to reverse the sentence and to remand the case to the trial court for resentencing. This is done to allow the trial judge to take into account this opinion which declares invalid all but essentially one reason for departure.
*472 AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] § 893.13(1)(a)2, Fla. Stat. (Supp. 1984); this crime is a felony.
[2] § 893.13(1)(f), Fla. Stat. (Supp. 1984); this crime is a misdemeanor.
[3] Fla.R.Crim.P. 3.701.