483 So.2d 544 (1986)
Alander CRAPPS, Appellant,
v.
STATE of Florida, Appellee.
Nos. BC-151, BC-334.
District Court of Appeal of Florida, First District.
February 21, 1986.
Michael E. Allen, Public Defender and Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
In this consolidated appeal, appellant challenges two judgments and sentences. We affirm his convictions but reverse and remand for resentencing as to one of the judgments and sentences.
The two cases were tried separately in the court below. In case number BC-151, appellant was found guilty of attempted second degree murder and shooting into a dwelling. In case number BC-334, appellant was found guilty of armed burglary of a structure and grand theft. Pursuant to *545 Florida Rule of Criminal Procedure 3.701(d)(1), for purposes of sentencing, one guidelines scoresheet was prepared for appellant covering all four of the "offenses pending before the court for sentencing." Computation of the scoresheet resulted in a recommended guidelines range of ten years. The trial judge departed from the guidelines recommendation, however, and sentenced appellant to two concurrent fifteen-year terms in BC-151 to run consecutively to concurrent fifteen-year and five-year terms for the burglary and grand theft convictions, respectively, in BC-334.
In case number BC-151 only, the State filed a notice of intent to seek habitual offender sentencing, as required by section 775.084(3)(b), Florida Statutes. The court entered an order adjudging appellant to be a habitual offender, finding that he met the threshold requirements of section 775.084(1) for such a classification (to which the defense stipulated) and finding, as required by section 775.084(3), that imposition of habitual offender status is necessary for the protection of the public. In making the latter determination, the trial judge noted that in case number BC-334, appellant testified in his own behalf and denied any involvement in the burglary, but, by its verdict, the jury obviously found that he had committed perjury. The judge found that in BC-151, appellant did not testify or offer any defense, thus indicating his unwillingness to accept the blame for his wrongs. The judge further determined that in light of appellant's extraordinary vindictiveness and violent character [in regard to BC-151], there is no likelihood that he will be rehabilitated and extended incarceration is the only protection to be afforded the public from him. In a separate order, the judge set forth his grounds for departure from the guidelines, as follows:
1. The court has found that this defendant qualifies as a habitual offender pursuant to section 775.084, Florida Statutes. Based on this proceeding, the court has specifically found that incarceration is necessary to protect the public from further criminal activity by this defendant. The court hereby specifically incorporates into this order the findings made pursuant to the habitual offender proceedings.
2. Testimony of the victim and her family [in BC-151] demonstrated that the defendant's extended campain [sic] of harassment and violence against them caused great emotional distress.
3. The defendant's testimony at trial and comment in the presentence investigation indicates that he refuses to accept any responsibility for his crimes or demonstrate any remorse.
4. The defendant perjured himself at trial of 83-2695 [BC-334].
As to case number BC-151, we find that the habitual offender classification and the departure from the guidelines do not constitute reversible error. In construing the requirements of section 775.084(3)(c), Florida Statutes, in Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), the court stated:
In order for a defendant to be sentenced to an extended term under this law, a sentencing court must make findings of fact, stated on the record in open court if not in writing, showing on their face that an extended term is necessary for the protection of the public from further criminal activity of the defendant. [Citations omitted.]
The habitual offender order entered by the trial judge met that requirement as to case number BC-151. We further find that the departure order was sufficient as to case number BC-151. Ground one is a proper basis for departure. Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985). Ground two is also a valid basis for departure. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). However, ground three is clearly an improper reason for departure [Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984)] as is ground four. Hubler; Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985). Considering the substantial basis for departure provided by grounds one and two, in our view, the impermissible reasons for departure did not substantially *546 affect the trial judge's decision to depart in BC-151. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
The State did not file a notice of intent to seek habitual offender status, as required by section 775.084(3)(b), Florida Statutes, in case number BC-334. Appellant's failure to contemporaneously object to that lack of notice does not constitute a waiver of his right to raise that question on appeal. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Failure to comply with the statutory notice requirement was error. Thus, the habitual offender finding, as it affects case number BC-334, is improper. Consequently, in addition to grounds three and four of the departure order being impermissible, ground one is also impermissible as to case number BC-334. Therefore, we reverse and remand for resentencing in case number BC-334. Albritton.
Having found appellant's argument regarding his convictions to be without merit, we affirm his convictions. We also affirm his sentence in case number BC-151, but we reverse and remand for resentencing in case number BC-334.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.