488 So.2d 141 (1986)
Jimmy Lee SAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1136.
District Court of Appeal of Florida, Fifth District.
May 8, 1986.
*142 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing guidelines departure case.
After the defendant committed the "primary offense at conviction"[1] in Orange County, Florida, he committed and was sentenced for multiple crimes in Dade County. Thereafter he was charged, tried, and convicted of the Orange County offense and the trial court imposed a sentence that departed from the recommended guideline sentence. The trial court's reasons for departure span over two pages and the defendant contends some of the reasons given were impermissible and, hence, his departure sentence must be vacated. We agree.
The trial court's reasons for departure can be summarized as follows:
1. The defendant committed these offenses in Orange County between March and May of 1981. Before these matters were resolved, he went to Miami and there became involved in additional criminal activity of a similar nature around March of 1982.
2. The court concludes that Mr. Safford has been involved in a well organized and deliberate scheme to defraud public assistance programs entirely for personal gain.
3. The above guideline sentence is needed as a deterrent to Mr. Safford and others who would treat public assistance programs as a money making machine.
4. The effect of defendant's crimes on society call for more serious punishment than the guidelines would provide for in this case.
THE FIRST REASON: Of course, at the time the scoresheet was prepared as the basis for sentencing on the "primary offense at conviction" in Orange County, Florida, the Dade County crimes could not be scored as "additional offenses at conviction"[2] because the defendant had already been sentenced for those crimes, and they could not be scored as "prior record"[3] because the Dade County crimes were not "past criminal conduct" occurring "prior to the commission of the primary offense."[4] However, a defendant's subsequent criminal activity has been held to be a clear and convincing reason for departure. See Davis *143 v. State, 455 So.2d 602 (Fla. 5th DCA 1984); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984).
THE SECOND REASON: Defendant's alleged involvement in a well organized and deliberate scheme is an invalid reason for departure. As noted in Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985), the fact that a trial court "has considered the surrounding circumstances of [the] case and finds that the charged crime was only one (1) of the common scheme" is not a clear and convincing reason for departure. See also Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986).
THE THIRD REASON: Deterrence is a consideration inherent in every sentence, guideline or otherwise, and has already been factored into the guideline sentence. See Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985). We have rejected deterrence as a clear and convincing reason for departure. Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986). See also Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985); Williams v. State, 462 So.2d 23 (Fla. 4th DCA 1984), approved, 477 So.2d 570 (Fla. 1985). But see Patty v. State, 486 So.2d 16, (Fla. 1st DCA 1986) (deterrence of defendant is a valid reason to depart).
THE FOURTH REASON: That the defendant's crime calls for a more serious punishment than the guidelines would provide is not a valid reason for departure. In Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986), this court held that the lower court's belief that the guideline sentence would be insufficient punishment is not a proper reason for departure. See also Allen, 476 So.2d at 310.
While the first reason given for departure may be a valid reason, it is not necessary on this appeal to determine its validity because such a determination is not necessary to a proper disposition. The last three reasons given are clearly invalid. Under Albritton v. State, 476 So.2d 158 (Fla. 1985), the assignment of one or more invalid reasons for departure requires reversal unless the State shows beyond a reasonable doubt that the trial court would have imposed the departure sentence even in the absence of the invalid reasons.
The sentencing judge made no explicit and clear statement that the same sentence would have been imposed absent the invalid reasons given. The State's difficulty in showing beyond a reasonable doubt that the trial judge would have imposed the same departure sentence in the absence of invalid reasons given has been noted in Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986). See also Hankey v. State, 485 So.2d 827 (Fla. 1986).
The departure sentence is vacated and the cause remanded for resentencing.
SENTENCE VACATED; CAUSE REMANDED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.701(d)(3).
[2] Fla.R.Crim.P. 3.701(d)(4).
[3] Fla.R.Crim.P. 3.701(d)(5)(a).
[4] Fla.R.Crim.P. 3.701(d)(5)(a).