ORFINGER, Judge.
Erroneously believing that offenses which defendant had committed subsequent to the offense for which he was being sentenced here and for which he had since been convicted could be considered as “prior record” on the guidelines scoresheet, the trial court sentenced appellant to 5 years’ incarceration, a sentence within the guidelines had the computation of prior record been correct. Offenses committed subsequent to the offense for which a defendant is being sentenced may not be scored as “prior record.” Fla.R.Crim.P. 3.701d.5(a).[1] Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986). The State concedes the impropriety of considering these subsequently committed crimes as “prior record.”
Accordingly, we vacate the sentence and remand the case for resentencing.
Sentence VACATED; REMANDED.
COBB and COWART, JJ., concur.

. Section d.5(a) states, in pertinent part:
"Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.