685 So.2d 1380 (1997)
K.Y.L. and N.L., Children, Appellants,
v.
STATE of Florida, Appellee.
No. 96-1060.
District Court of Appeal of Florida, First District.
January 6, 1997.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The juvenile appellants challenge their commitments to the Department of Juvenile Justice (the department). Because the trial judge did not comply with the requirements of section 39.052(4), Florida Statutes, we vacate the commitment orders.
Following an adjudicatory hearing, the trial judge found that K.Y.L. and N.L. had committed delinquent acts. Predisposition reports filed by the department recommended community control for both children, but the trial judge elected to commit both children to residential programs.
Section 39.052(4), Florida Statutes (1995), delineates the procedures for disposition following a finding of delinquency. Specifically, section 39.052(4)(e)1 requires the *1381 judge to make in writing or on the record a specific finding of the reasons for the decision to commit the child to the department. The judge did not satisfy this requirement as to N.L. because the judge gave no specific reason for his commitment decision.
The judge gave a reason for his decision to commit K.Y.L., saying that he was committing her because she showed "no contrition... no acknowledgement of wrongdoing." But the judge erred in relying on this reason because lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence. See A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996). See also Holton v. State, 573 So.2d 284 (Fla. 1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
The trial judge also erred in failing to secure the recommendation specified by section 39.052(4)(e)2 prior to making his commitment decision. See S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
Accordingly, the commitment orders are vacated and the case is remanded.
MINER and MICKLE, JJ., concur.