PER CURIAM.
In this juvenile delinquency proceeding, appellant argues that the reasons given by the trial court for its decision to commit him to a more restrictive placement than that recommended by the Department of Juvenile Justice are legally insufficient. We agree and, accordingly, reverse.
Section 39.052(4)(e)3, Florida Statutes (1995), permits trial courts to commit delinquent children to the Department at restrie-tiveness levels different from those recommended by the Department. However, if it elects to do so, the trial court must state its reasons. Here, the trial court recited as reasons for its decision to order a more restrictive placement than had been recommended by the Department its belief that appellant had “lied [on] the witness stand at the trial,” and the fact that appellant had continued to maintain his innocence instead of acknowledging his guilt. We conclude that both reasons are constitutionally impermissible considerations. See, e.g., Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985) (trial court may not depart from guidelines based on belief that defendant lied at trial because such action would impermissibly chill exercise of fifth and sixth amendment rights); A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996) (trial court may not base decision to depart from Department’s recommended placement of juvenile delinquent on child’s continued protestations of innocence because such action would impermissibly chill exercise of fifth and sixth amendment rights). Accordingly, we reverse the trial court’s order of commitment, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.