428 So.2d 316 (1983)
Glen HARDEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-1509.
District Court of Appeal of Florida, Fourth District.
March 16, 1983.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Joy B. Shearer, Asst. Atty. Gen., and James P. McLane, Certified Legal Intern, West Palm Beach, for appellee.
HERSEY, Judge.
Convicted of rape, appellant was sentenced to sixty years imprisonment with jurisdiction retained for the first one-third. At sentencing the court stated, inter alia:
The Court feels that it is necessary, based upon your refusal to admit your guilt in this matter, which seems to be obvious to me and to the jury, and that is not the only basis, and also to insure that you serve a substantial period of time without being eligible for parole, the Court is going to retain jurisdiction over one-third of the sentence, ... .
*317 (Emphasis added.)
Retention of jurisdiction would have been appropriate under Section 947.16(3), Florida Statutes (1979), in view of the nature of the offense and the other factors adverted to by the trial court at the sentencing hearing. However, the reason for retention emphasized by the foregoing quotation and apparently relied on by the court was an impermissible one.
It is established that retention of jurisdiction is a harsher penalty than a sentence for the same term of years without retention. See State v. Williams, 397 So.2d 663 (Fla. 1981). Conditioning leniency on confession is inappropriate and error.
In Thomas v. United States, 368 F.2d 941 (5th Cir.1966), the Fifth Circuit held that it was a clear abuse of discretion for the sentencing judge to threaten the defendant with a more severe sentence if he did not "come clean" and admit his guilt. The defendant retains important fifth amendment rights after the jury reaches a verdict; these rights may not be made the price of sentencing leniency. Thus, the court cannot place the defendant in the dilemma of either abandoning his fifth amendment rights or risking a harsher sentence. United States v. Rodriguez, 498 F.2d 302 (5th Cir.1974).
Where the court predicated the length of the sentence on the defendant's failure to show any inclination toward repentance, which in the context of the comment clearly meant failure to confess, the court violated the defendant's right not to be required to incriminate himself. United States v. Laca, 499 F.2d 922, 927 (5th Cir.1974). However, under similar circumstances the defendant's fifth amendment rights were not violated where the court imposed a sentence (13 months) that constituted a mere fraction of the authorized sentence (50 years). United States v. Moore, 427 F.2d 38 (5th Cir.1970).
Pursuant to its authority to regulate the procedural process whereby a sentencing judge may retain jurisdiction over an offender, the legislature requires the judge to articulate substantial reasonable grounds for his decision with individual particularity. Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980). A reputation for and conviction of aggressive and injurious behavior is sufficient justification for retaining jurisdiction. Id. at 278. In Hector v. State, 370 So.2d 447 (Fla. 1st DCA 1979), the First District distinguished defendant's apparent untruthfulness during his trial testimony, which is a proper sentencing consideration, from appellant's failure to confess, which may not be considered.
The problem the trial judge faces is that the protections of the fifth amendment privilege against self incrimination clash with the admission requirements to the sexual offender's rehabilitation program. A sexual offender cannot be admitted to the program unless he confesses, but the fifth amendment prevents the judge from coercing the defendant to confess to mitigate the sentence. There is no real solution to this dilemma from the point of view of the court. However, the offender himself has the key to unlock his fetters.
In the instant case, the judge based retention of jurisdiction "upon your refusal to admit your guilt in this matter, ... and that is not the only basis ... I don't feel that you are capable of living in society without a sudden explosion at any time... ." The court elaborated upon the defendant's failure to confess, saying "my only suggestion to you would be if you want to, and just a suggestion, I will recommend that you receive sex offender rehabilitation if you admit that you are guilty ... because ... if you don't admit it, you will never be put into a sexual offender rehabilitation program."
Because the court stated that one of the reasons for retaining jurisdiction was the defendant's failure to confess and this violated his constitutional privilege against self incrimination, the court erred.
We therefore vacate the sentence and remand to permit the trial court to articulate appropriate reasons for retaining jurisdiction pursuant to the statute or to omit retention upon resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED and REMANDED.
*318 GLICKSTEIN, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting.
I believe the sentencing colloquy should not be interpreted as a violation of defendant's constitutional right against self-incrimination. The defendant did not testify at trial or at sentencing. The sentencing procedure began with a request to the judge from defense counsel that defendant be placed in the mentally disordered sex offender program. A discussion then ensued between counsel and the court as to the defendant's attitudes and whether he would be appropriate for such a program. The defendant had always appeared totally detached and unconcerned and never made a statement in court about the offense. The psychological reports on defendant indicated severe problems of a sexual nature. The evidence of guilt was overwhelming and uncontroverted. I believe the court's comments were entirely within the context of rehabilitation through the mentally disordered sex offender program and were a result of the specific request by defense counsel. I would thus not go as far as the majority does in condemning the comments of the court.