SHIVERS, Judge.
This is an appeal from a conviction and sentence for battery of a law enforcement officer, resisting an officer without violence, and simple battery. Appellant/defendant argues on appeal that the trial court erred in departing from the sentencing guidelines, based on the sole reason that the court believed defendant to have perjured himself while testifying at trial.
We agree. The courts of this state have consistently held that a defendant’s apparent untruthfulness at trial is not a valid reason for departing from the sentencing guidelines. Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985). Defendant’s failure to contemporaneously object to the trial court’s stated reason for departure does not vitiate his right to appeal the issue to this court. Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); McGouirk v. State, 470 So.2d 31 (Fla. 1st DCA 1985).
Accordingly, the sentence imposed by the trial court is vacated and the matter is remanded for entry of a sentence within the range recommended by the sentencing guidelines. On remand, the court is also instructed to correct the written judgment to conform with the court’s oral pronouncement of judgment. Bivens v. State, 454 So.2d 723 (Fla. 1st DCA 1984).
JOANOS and NIMMONS, JJ., concur.