NIMMONS, Judge.
This is an appeal from two consolidated cases in each of which appellant plead guilty to one count of lewd assault upon a child. Appellant challenges the sufficiency of the trial court’s reasons for departing from the sentencing guidelines range of 4½ to 5¾⅛ years. Appellant was sentenced to concurrent 10 year terms in each of the two cases. We affirm the sentences finding no merit to appellant’s arguments and find it necessary only to discuss reason #4 which the trial court gave for departure:
4. Defendant’s attempt to place some of the blame for these repulsive acts upon the young child.
This factor undoubtedly compounded the emotional injury which this defendant’s unspeakable acts have visited upon this eight year old victim/stepdaughter. One of the other separately-stated reasons, which we find to be valid, was the “emotional and psychological impact upon this young child and the family.” See Ochoa v. State, 476 So.2d 1348 (Fla. 2nd DCA 1985). Reason #4, as suggested above, compounds the emotional injury suffered by the victim.
We do not believe that the validity of reason # 4 is governed by the cases which have disapproved the trial court’s reliance upon the defendant’s apparent untruthfulness at trial or lack of remorse. See Perez v. State, 485 So.2d 24 (Fla. 1st DCA 1986); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984); Guerrero v. State, 484 So.2d *1326 59 (Fla. 2nd DCA 1986); and Pursell v. State, 483 So.2d 94 (Fla. 2nd DCA 1986).
In Hubler, the defendant pled not guilty, went to trial, and presented certain alibi witnesses. The jury found him guilty. In departing from the guidelines sentence, the trial court gave as reasons Hubler’s lack of remorse and his apparent subornation of perjury. In reversing, this Court stated:
[Wjhere the defendant has at all times denied committing the battery charged and has persisted in maintaining his innocence, we conclude that it was improper for the trial court to aggravate the sentence imposed because the defendant failed to exhibit remorse for having committed the offense. This is but a corollary of the rule that a trial court may not impose a greater sentence because the defendant has availed himself of his constitutional right to a trial by jury (citations omitted).
Id. at 353. In the instant case, as reflected in the presentence investigation report, the defendant admitted the offenses from the time of his arrest. However, in an apparent effort to mitigate his conduct (as opposed to a defense to the charges), he claimed that his eight year old stepdaughter initiated his sexual encounters with her. Thus, the defendant did not continue to maintain his innocence in the face of accusations, as was the concern in Hubler, but, rather, admitted the crimes and understood them to be wrong.
We have also considered the extent of guidelines departure and find no error.
AFFIRMED.
MILLS, and WENTWORTH, JJ., concur.