730 So.2d 833 (1999)
Kevin LYONS, a/k/a John Moses, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4261.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
*834 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of robbery with a firearm and battery on a person over the age of sixty-five. He was sentenced as a habitual offender to concurrent sentences of twenty years for the robbery and five years for the battery. We reverse and remand for sentencing before a different judge.
Immediately following the verdict, the state informed the court that the appellant was a habitual offender and that it had offered appellant a habitual offender sentence of ten years prior to trial. The court asked if appellant wanted a presentence investigation, and after a discussion off the record, and a reference to another pending case to which appellant was going to enter a plea, defense counsel informed the court that appellant "would like to take care of it right now and get on with it, get on with his life."
At this point the court raised the issue of restitution and asked if appellant knew where the stolen property was. Appellant responded that he was innocent, and then the following exchange took place:
THE COURT: All right. I'm going to give him 20 years as habitual. He doesn't have to return nothing. I don't believe him. Okay?
[Lyons's ATTORNEY]: Let me talk to him. May I talk to him judge?
THE COURT: there is nothing to talk about. I don't care about the property, I care about his attitude.
Appellant again asserted his innocence, and the court indicated it would order the presentence investigation unless the appellant wanted to waive it. The appellant then waived the presentence investigation required for sentencing as a habitual offender and the trial court imposed the twenty year sentence for the robbery. The court then remarked:
THE COURT: I know he says he didn't do it, which I don't believe, but maybe the State can talk to him about who this other fellow was who helped him. You never know. Maybe he'll get a benefit. Anyway, good luck to you.
In Johnson v. State, 679 So.2d 831, 832-33 (Fla. 1st DCA 1996), after the trial court made some comments about the fact that the defendant had gone to trial in "an indefensible case," the first district reversed, stating:
We agree with appellant that the foregoing comments by the trial court may reasonably be read to suggest that appellant's sentence was the result, at least in part, of his decision to exercise his constitutional right to insist on a jury trial. Accordingly, in an abundance of caution, we vacate appellant's sentence, and remand with directions that appellant be resentenced by another judge, to be assigned by the chief judge of the circuit.
We utilized that same "abundance of caution" in reversing a sentence based on comments of the trial court at sentencing in Gallucci v. State, 371 So.2d 148, 150 (Fla. 4th DCA 1979).
A defendant may not be additionally punished for failing to show remorse. K.Y.L. v. State, 685 So.2d 1380, 1381 (Fla. 1st DCA 1997), nor for continuing to claim innocence. A.S. v. State, 667 So.2d 994, 995 (Fla. 3d DCA 1996). In this case it appears that the defendant was being punished for maintaining his innocence in the face of the court's inquiry as to the location of the stolen property. We therefore reverse the sentences *835 for the robbery and the battery and remand for sentencing before a different judge.
POLEN and SHAHOOD, JJ., concur.