958 So.2d 1146 (2007)
Blanchard ST. VAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-553.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Carey Haughwout, Public Defender, Patrick B. Burke and Joseph Maryuma, Assistant Public Defenders, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
After a jury trial, appellant Blanchard St. Val was convicted of one count of attempted first degree murder with a firearm, one count of attempted second degree murder, and two counts of shooting into an occupied vehicle. The evidence at trial was that he shot at two people in a car; one victim was wounded in the arm and head. The state presented eyewitness testimony from victims acquainted with St. Val, in addition to ballistics and DNA expert testimony.
At sentencing, the trial judge took St. Val's lack of remorse into consideration as part of her broader rejection of his characterization of the crime as an accident in which someone just happened to get shot.
We reject appellant's contention that a sentencing judge may never take a defendant's lack of remorse into consideration when imposing sentence. If a defendant is remorseful, it means that he is sorry he committed the crime for which he is to be sentenced. One who so regrets his acts may not commit such acts in the future. This is the type of factor that judges have *1147 historically taken into consideration in imposing sentence.
In 1930, Roscoe Pound described the received ideal of a judge imposing sentence, "given shape by the dominant moral, social, and economic conceptions of the time:"
[A] judge imposing sentence must go thoroughly into the details of the conditions, internal and external, under which an act was done. He must look into the motive of the act and its consequences. The legal ideal is one of exact adjustment of the penalty to the particular case by way of compensation for the generality of the legal precept which was applied mechanically in determining conviction.
ROSCOE POUND, CRIMINAL JUSTICE IN AMERICA pp. 46-47 (1930). Contrition has traditionally been part of a defendant's presentation to a sentencing judge. Arthur Train's description of the elements of a defendant's presentation to the court at sentencing has changed little in 80 years:
[F]ew sentences are imposed without a more or less lengthy appeal for clemency from the defendant's lawyer, who usually does not confine himself merely to the contrition of the defendant, his past respectability and his pledges to lead a new and better life, but is prone to discourse volubly upon the reputable connections of the defendant, the hardship which a sentence will impose upon his family, and the fact that the complainant or those who have been interested in the prosecution now have a profound sympathy for the prisoner. The gist of many of these appeals is to the effect that because the defendant, by reason of his education and opportunities, ought to have known better than to commit crime, he should now, since he has discovered his mistake, be excused from paying the penalty.
ARTHUR TRAIN, THE PRISONER AT THE BAR, pp. 354-55 (1925).
The supreme court has held that a "trial court violates due process by using a protestation of innocence against a defendant" at sentencing. Holton v. State, 573 So.2d 284, 292 (Fla.1990); see A.S. v. State, 667 So.2d 994, 996 (Fla. 3d DCA 1996); Johnson v. State, 948 So.2d 1014 (Fla. 3d DCA 2007). This court followed this principle when it reversed a sentence where it appeared that the "defendant was being punished for maintaining his innocence." Lyons v. State, 730 So.2d 833, 834 (Fla. 4th DCA 1999). In dicta, we indicated that a defendant "may not be additionally punished for failing to show remorse." Id. As authority for that proposition, we cited K.Y.L. v. State, 685 So.2d 1380, 1381 (Fla. 1st DCA 1997). K.Y.L. stated that "lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence." As authority for this statement, K.Y.L. cited Holton and A.S.K.Y.L., 685 So.2d at 1381. K.Y.L. misstates the holdings of Holton and A.S.; both cases involve defendants who maintained their innocence at sentencing, not defendants who did not contest their commission of criminal acts, but who failed to exhibit remorse for them. The first district recognized this distinction in Peake v. State, 490 So.2d 1325, 1326 (Fla. 1st DCA 1986); the court upheld an enhanced sentence imposed on a defendant for lewd assault on a child, where the defendant did not protest his innocence, but exhibited a lack of remorse when he argued in mitigation that the eight year old victim had initiated the sexual encounters with him.
This is not a case where a defendant was punished for protesting his innocence as in A.S., Johnson, and Holton. Nor is it a case where a court used lack of remorse as an aggravating factor in a first degree murder prosecution. See Tanzi v. State, *1148 32 Fla. L. Weekly S223, ___ So.2d ___, 2007 WL 1362862 (Fla. May 10, 2007); Jackson v. Wainwright, 421 So.2d 1385 (Fla.1982). We certify conflict with K.Y.L., which holds that a defendant's lack of contrition or remorse is "a constitutionally impermissible consideration in imposing sentence" in all circumstances. 685 So.2d at 1381.
SHAHOOD and MAY, JJ., concur.