978 So.2d 246 (2008)
Dana LINCOLN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-698.
District Court of Appeal of Florida, Fifth District.
April 4, 2008.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant *247 Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This appeal involves the propriety of the trial court's enunciation of the defendant's lack of remorse as a factor in imposing sentence on two counts of sexual battery upon a child (familial authority).[1] The defendant, relying on several cases including Holton v. State, 573 So.2d 284 (Fla.1990), Lyons v. State, 730 So.2d 833 (Fla. 4th DCA 1999) and K.Y.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997), disapproved on other grounds in State v. J.P.C., 731 So.2d 1255 (Fla.1999), urges that lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence.
We believe that St. Val v. State, 958 So.2d 1146 (Fla. 4th DCA), rev. granted, 966 So.2d 968 (Fla.2007), offers the proper framework for deciding this issue. As in St. Val, the trial court here, in imposing a sentence within the strictures of the criminal punishment code, was not punishing the defendant for exercising his constitutional right to plead not guilty and maintain his innocence. Rather, the defendant had testified at trial and was unable to explain incriminating comments he made in recorded telephone exchanges with the child victim. In one exchange, the victim referred to the "sex part" and the defendant replied, "You didn't enjoy that?" The defendant additionally at one point during sentencing admitted he was sorry for "the whole thing," for "what I did," though he then raised challenges to the child victim's credibility.
Under these circumstances, the trial court properly took into account the defendant's lack of remorse for his misconduct. As did the Fourth District in St. Val, we affirm the sentence and certify direct conflict with K.Y.L.
SENTENCE AFFIRMED.
MONACO and COHEN, JJ., concur.
NOTES
[1] § 794.011(8)(b), Fla. Stat.