PER CURIAM.
 

 Kevin A. Jiles appeals his convictions and sentences for burglary of a dwelling with a firearm, false impi-isonment with a firearm and possession of a firearm by a convicted felon. We find no revei-sible error relating to Jiles’ trial, and affirm the convictions without elaboration. However, we agree with Jiles that the sentencing record reflects a consideration by the court of improper sentencing factors. Specifically, after Jiles maintained his innocence at trial and dui-ing sentencing, the judge ci-edited a co-defendant for “accepting] responsibility for what he did and ... [being] willing to take the hit for what he did without going through the process.” By contrast, the judge noted that Jiles did not “accept x-esponsibility” but “denied [his] involvement.” These are improper sentencing considerations.
 
 See, e.g., Hannum v. State,
 
 13 So.3d 132, 135-36 (Fla. 2d DCA 2009) (holding trial court’s improper considei-ation during sentencing of fact that defendant maintained his innocence at trial and at
 
 sentencing
 
 and refused to take responsibility for his actions was equivalent to a denial of due process and thus constituted fundamental error); Bracero
 
 v. State,
 
 10 So.3d 664, 665-66 (Fla. 2d DCA 2009) (holding that consideration of claim of innocence as a factor in determining sentences violated defendant’s due process rights);
 
 Soto v. State,
 
 874 So.2d 1215, 1216 (Fla. 3d DCA 2004) (holding that defendant’s protestation of innocence and unwillingness to admit guilt were impex-missi-ble considerations for sentencing, and that a trial court’s statements indicating consideration of those factors required reversal for resentencing before another judge).
 

 
 *1217
 
 Accordingly, we reverse the sentences and remand with directions that Jiles be resentenced before a different judge.
 

 CONVICTIONS AFFIRMED; SENTENCES REVERSED; REMANDED WITH DIRECTIONS.
 

 LAWSON, EVANDER and COHEN, JJ., concur.