33 So.3d 811 (2010)
John Kevin HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-4227.
District Court of Appeal of Florida, Fourth District.
April 28, 2010.
Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
CIKLIN, J.
John Kevin Holt appeals his convictions and sentences for capital sexual battery (count I), lewd, lascivious or indecent act (count II), lewd or lascivious molestation on a person under twelve by a person over eighteen (count III), and lewd or lascivious molestation on a person twelve to sixteen by a person over eighteen (count IV). After a jury found him guilty of all charges, the trial court imposed life imprisonment on counts I and III and fifteen years on counts II and IV, all to run consecutive. We affirm Holt's convictions on the four counts but vacate his sentences and remand for resentencing before a different judge.
In this case, Holt has repeatedly denied committing the crimes charged and has persisted in maintaining his innocence. As such, the established law compels us to conclude that it was improper for the trial court to consider Holt's protestations of innocence and failure to show remorse in determining what sentence to impose.
A trial court generally has discretion to impose any sentence within the minimum and maximum allowed by law. Nusspickel v. State, 966 So.2d 441, 444 (Fla. 2d DCA 2007); see also § 921.002(1)(f), (g), Fla. Stat. (2008). This discretion is limited, however, by constitutional principles of *812 due process and the right not to incriminate oneself. See Holton v. State, 573 So.2d 284, 292 (Fla.1990); Donaldson v. State, 16 So.3d 314, 314 (Fla. 4th DCA 2009); Johnson v. State, 948 So.2d 1014, 1017 (Fla. 3d DCA 2007); Gilchrist v. State, 938 So.2d 654, 657-58 (Fla. 4th DCA 2006); Soto v. State, 874 So.2d 1215, 1217 (Fla. 3d DCA 2004); Aliyev v. State, 835 So.2d 1232, 1234 (Fla. 4th DCA 2003); Lyons v. State, 730 So.2d 833, 834 (Fla. 4th DCA 1999); A.S. v. State, 667 So.2d 994, 996 (Fla. 3d DCA 1996); Exposito v. State, Dep't of Bus. Regulation, 508 So.2d 451, 452 (Fla. 3d DCA 1987); Hubler v. State, 458 So.2d 350, 353 (Fla. 1st DCA 1984); Harden v. State, 428 So.2d 316, 317 (Fla. 4th DCA 1983).
Even in the face of overwhelming evidence, a person in Holt's position is constitutionally entitled to plead not guilty, demand a trial, and despite a unanimous jury verdict, continue to decline to incriminate himself. See Holton, 573 So.2d at 292.
Convictions affirmed; sentences vacated and remanded for resentencing before a different judge.
MAY, J., concurs.
GROSS, C.J., concurs specially with opinion.
GROSS, C.J., concurring specially.
I acknowledge the line of cases cited by the majority opinion. It is the law. The effect of this law is to require judges to be careful what they say in sentencing.
Whether a criminal defendant is remorseful for what he or she has done has long been a proper factor for a judge to consider in imposing sentence. As we wrote in St. Val v. State, 958 So.2d 1146, 1146-47 (Fla. 4th DCA 2007),
[i]f a defendant is remorseful, it means that he is sorry he committed the crime for which he is to be sentenced. One who so regrets his acts may not commit such acts in the future. This is the type of factor that judges have historically taken into consideration in imposing sentence.
Given the state of the case law, careful judges will not discuss a defendant's lack of remorse during a sentencing hearing.