MAY, J.
The defendant appeals his conviction and sentence for sale/delivery of cocaine, possession of cocaine, and trafficking in cocaine (28 grams or more). He argues, among other things, that the trial ■ court erred in punishing him for exercising-his right to jury trial. We find no merit in the other issues raised, but agree that the sentencing pronouncement indicates that the trial court enhanced the sentence requested by the State for impermissible reasons and reverse.
At sentencing, the following exchange occurred:
[STATE]: Judge, we’re asking for four years DOG with a three-year minimum mandatory. We’re asking for the four years because this Defendant did take the stand, did give rather [an] incredible story given that he was — his conversation with the [confidential informant] was recorded.
[[Image here]]
This Defendant does have- a history. And based upon the conversations that were on there, the three-year minimum mandatory, this Defendant also chose to go to trial, didn’t accept responsibility for his actions.
So, therefore, we feel the three-year minimum mandatory isn’t appropriate, that he does deserve more for his taking *1187 the stand and lying and not accepting responsibility.
[[Image here]]
THE COURT: It is said of course that when people enter a plea and acknowledge and accept responsibility for their conduct and express a willingness to acknowledge they did something wrong and accept responsibility for it that they get the benefit of having entered a plea. On the converse side, no one gets punished for going to trial. They have a constitutional right to go to trial. However, that’s not completely unfettered.
When someone goes to trial and takes the stand under oath [ ] that can sometimes turn a garden variety case into an aggravated case. And I recall the entrapment defense and the testimony in this case to be aggravating.
So on count on[e], sale or delivery of cocaine, I will adjudicate you guilty, sentence you to sixty months in the Department of Corrections with credit for time served in the amount of four hundred and fourteen days. I’ll order court costs of $398, costs of prosecution $100, costs of investigation $50, $125 drug trust fund.
(emphasis added).
The defendant did not object to the trial court’s comments, but did file a motion to correct a sentencing error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court determined it did not have the authority to consider the motion because it focused on the sentencing rather than the sentence.
We begin by acknowledging that the trial court started down the right path by correctly reiterating the cardinal rule that a defendant cannot be punished for exercising his constitutional right to go to trial. See Aliyev v. State, 835 So.2d 1232, 1234 (Fla. 4th DCA 2003). But, then the trial court diverted from that path and crossed over the line of fundamental error when it sentenced the defendant to a greater amount of time than requested by the State as he “recalled] the entrapment defense and the testimony in this case to be aggravating.”
In essence, those words reflect that the trial court based its sentencing decision upon its disbelief of the defendant’s testimony at trial. The State requested a four-year sentence because the defendant “deserved more for ... taking the stand and lying and not accepting responsibility.” The trial court erred when it obliged the State’s request, commented that the trial testimony aggravated the case, and sentenced the defendant to an increased amount of five years. See Lyons v. State, 730 So.2d 833, 834-35 (Fla. 4th DCA 1999).

Reversed and remanded for resentenc-ing before a different judge.

DAMOORGIAN and LEVINE, JJ„ concur.