EMAS, J.,
concurring in part and dissenting in part.
I join the majority in affirming without discussion the conviction. However, I dissent from the majority’s affirmance of the sentence. I believe we should vacate the sentence and remand to the trial court for resentencing before a different judge. Where it is reasonably evident that the trial court, in determining the appropriate sentence, considered at least in part a defendant’s lack of remorse (as opposed to a court’s determination that a defendant’s claim of remorse has not been established [1]), the sentence should be vacated and a *15 new sentencing proceeding held before a different judge. See, e.g., Mentor v. State, 44 So.3d 195 (Fla. 3d DCA 2010); T.R. v. State, 26 So.3d 80 (Fla. 3d DCA 2010); Soto v. State, 874 So.2d 1215 (Fla. 3d DCA 2004); A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996); Branson v. State, 492 So.2d 1155 (Fla. 3d DCA 1986); Jackson v. State, 39 So.3d 427 (Fla. 1st DCA 2010); Holt v. State, 33 So.3d 811 (Fla. 4th DCA 2010); Whitmore v. State, 27 So.3d 168 (Fla. 4th DCA 2010); Jiles v. State, 18 So.3d 1216 (Fla. 5th DCA 2009); Hannum v. State, 13 So.3d 132 (Fla. 2d DCA 2009); K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001); K.Y.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997), disapproved on other grounds, State v. J.P.C., 731 So.2d 1255, 1256 n. 1 (Fla.1999); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
It may well be that the sentence imposed by the trial court was a fair and proper sentence under the circumstances. However, if we are to maintain public confidence in the court system, we must be vigilant in ensuring not only actual fairness, but the appearance of fairness as well.
SHEPHERD, J., and SCHWARTZ, Senior Judge, concur.

. This is not a situation where a defendant acknowledged his guilt (or admitted the act but not the intent) and expressed remorse at sentencing in an effort to mitigate his culpability or seek a reduced sentence. See, e.g., § 921.0026(2)(j), Fla.Stat. (2011) (allowing the trial court to depart downward from the sentencing guidelines where it established the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse”); Peake v. State, 490 So.2d 1325 (Fla. 1st DCA 1986) (defendant pled guilty and had consistently acknowledged that he committed the offenses; at sentencing, in an apparent attempt to mitigate his conduct, he attempted to place some of the blame upon the victim); Shelton v. State, 59 So.3d 248 (Fla. 4th DCA 2011) (holding sentence was proper where court's comments regarding lack of remorse were merely a recognition that there was no basis to grant defendant’s request for a reduced sentence). Under those circumstances, the trial court may find the defendant’s testimony insincere, not credible or otherwise unsupported, and may properly reject a defendant’s claim of remorse (or the attempt to minimize culpability) in support of a reduced sentence. However, rejecting as unsupported a defendant’s claim of remorse in a bid for a lower sentence is far different from unilaterally considering a defendant’s lack of remorse as a factor in arriving at the proper sentence. In the instant case, Ryan had maintained his *15 innocence before, during, and after trial. At sentencing, Ryan was not expressing remorse in support of a request for a reduced sentence. The statements Ryan made to the trial court during sentencing were offered in an effort to persuade the trial judge that, given his background, history and hardships, Ryan should receive a lower sentence than that recommended by the state. Following Ryan’s statements, the trial court raised sua sponte the defendant’s apparent lack of remorse and unwillingness to accept responsibility:
Mr. Ryan, I don't know, frankly, that much about your history in terms of your life’s history, your education, your training, your medical condition other than what’s been presented here. I’m sure you have a story, and I'm sure you have some hardship that you’ve endured, and that is certainly the most weighty of the extenuating circumstances.
But in terms of your criminal misconduct, sir, you are in complete 100 percent denial, complete denial. And I find it very troubling that a man who has 36 priors documented on this score sheet, has just been convicted of two more crimes very much related can't even find it somewhere in his lengthy presentation to acknowledge some personal responsibility and some little modicum of remorse, none of it. It’s everybody else’s fault. And maybe that’s the way you feel being wheelchair bound at this particular point, that all the hardship is everybody else’s fault and not yours. But that's not the case, Mr. Ryan. You’re still responsible for your own conduct.
Under these circumstances, I cannot reasonably conclude that the trial court did not consider lack of remorse as a factor in imposing sentence.
If we follow a rule that allows a trial court to consider, sua sponte, a defendant's lack of remorse as a sentencing factor, we risk forcing a defendant to choose between maintaining his innocence after trial (and thus preserving, as a practical matter, his appellate rights) and a defendant's right to allocution before sentencing. See Ventura v. State, 741 So.2d 1187 (Fla. 3d DCA 1999); Barry v. State, 330 So.2d 512 (Fla. 1st DCA 1976); Fla. R.Crim. P. 3.720(b). A defendant who maintains his innocence and wishes to appeal the judgment of conviction might well decide to forego his right to allocution rather than risk the possibility of an increased sentence should the trial court consider the defendant’s failure to express any remorse at sentencing. Alternatively, a defendant could walk the legal tightrope at his sentencing by trying to express remorse while continuing to maintain his innocence, increasing the risk that the trial judge will find such expressions of remorse insincere, and thereby exposing a defendant to the possibility of a harsher sentence.