COHEN, J.
The issue raised on appeal is the trial court’s consideration of Robinson’s continued protestation of innocence and lack of remorse at sentencing. Acknowledging the State’s implicit concession of error, we reverse for resentencing before a different judge.
Robinson represented himself at trial on a charge of selling cocaine within 1000 feet of a place of worship.[1] A review of the transcript reflects the trial judge was immensely patient with an obstreperous defendant. Despite the fact that Robinson had been convicted of the first-degree felony and had been dealing drugs since the mid-1980s, the judge imposed a sentence of five years in the Department of Corrections — well below the thirty-year statutory maximum.[2] At sentencing, Robinson maintained his innocence. The court, prompted by the assistant state attorney, noted, “You’ve never expressed, as the State has indicated, any remorse and still claim you were innocent. I don’t believe that claim for a second.”
It is improper for a sentencing court to factor into sentencing the fact that a defendant has maintained his innocence. Jiles v. State, 18 So.3d 1216, 1216 (Fla. 5th DCA 2009). It is also generally improper for the sentencing court to consider the defendant’s lack of remorse. See Green v. State, 84 So.3d 1169, 1171 (Fla. 3d DCA 2012); but see St. Val v. State, 958 So.2d 1146, 1147 (Fla. 4th DCA 2007) (holding court may consider defendant’s lack of remorse where defendant does not contest his commission of crime at sentencing). Thus, we are compelled to reverse and remand for resentencing before a different judge.
REVERSED and REMANDED.
GRIFFIN and BERGER, JJ., concur.

. The trial court properly renewed an offer of counsel at sentencing, which was accepted by Robinson.

. The sentencing guidelines allowed for a sentence as short as 32.4 months.