IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AVERY CORBITT,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

Case No.  5D16-1766

_____

Opinion filed November 10, 2016

Petition Alleging Ineffectiveness of
Appellate Counsel,
A Case of Original Jurisdiction.

Avery Corbitt, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.

SAWAYA, J.

The issue presented is whether statements the trial court made during sentencing

that Avery Corbitt failed to express remorse or take responsibility for his crimes are

constitutionally impermissible.[1]  In his Petition for Writ of Habeas Corpus, Corbitt alleges

_____

[1] Corbitt also alleges that his appellate counsel was ineffective for failing to raise
in the prior appeal his trial counsel's failure to request a hearing on his motion to withdraw

that the statements constitute fundamental error because they violate his constitutional rights to remain silent and to a jury trial. He further alleges that his appellate counsel was ineffective for failing to raise this issue in his prior appeal. Corbitt wants this court to vacate his sentence and remand this case for resentencing by a different judge. We believe that those statements are not impermissible and that Corbitt's petition should be denied for the following reasons: 1) the statements were made in the context of the trial court attempting to find some level of mitigation for the sentence; and 2) Corbitt entered a plea, waived his rights to a jury trial and to remain silent, and admitted under oath that he committed the crimes and shot one of the officers. These reasons will be addressed in the order presented, after the facts and procedural history of the case are discussed.

Corbitt was charged with several felony offenses stemming from his involvement in a drug deal with two undercover officers. Instead of completing the drug transaction, Corbitt and his accomplice attempted to rob the undercover officers. The officers resisted, and a gunfight ensued. Corbitt shot one of the officers, and the officers shot and killed the accomplice. In the midst of his trial, Corbitt decided to enter a plea to two of the charges (second-degree felony murder, which involved the death of the accomplice, and attempted first-degree murder). The plea agreement provided that the State would waive the twenty-five year minimum mandatory sentence applicable to those charges and drop the remaining charges. The agreement also provided that, in the event Corbitt filed a motion to withdraw his plea prior to sentencing, the standard applicable to post-sentence motions would apply. The sentencing range was 16.85 years to life in prison.

---

plea and a hearing on his counsel's request to withdraw from further representation of Corbitt. As to this claim, we deny it without further discussion.

Corbitt was placed under oath by the trial judge, and a thorough plea colloquy was conducted. A factual basis was established for the plea, and Corbitt told the trial court that he understood the constitutional rights he was waiving, including the right to trial by jury and the right to remain silent. Corbitt admitted his involvement in the crimes and specifically told the trial court under oath that he shot one of the officers. Corbitt further states in his petition that he admitted shooting the officer. During the colloquy, Corbitt was twice advised by the trial court that the maximum sentence he could receive was life, and both times Corbitt told the court that he understood. Corbitt also stated that he understood the standard that would apply if he filed a motion to withdraw his plea. The trial court accepted the plea, finding that Corbitt "intelligently, freely, and voluntarily waived his rights in entering the plea, and that there is a factual basis for the plea." Sentencing was set for another date.

On that date, the trial court advised Corbitt's attorney and the State that he had received three handwritten letters from Corbitt. The motion to withdraw plea referred to in Corbitt's petition consists of these letters. Corbitt's attorney, who was representing Corbitt at the time the letters were sent, stated that he was not sent copies of the letters and refused to adopt them as a motion to withdraw Corbitt's plea.[2] The letters reveal that they are a plea by Corbitt for the minimum sentence of 16.85 years and an attempt to persuade the trial court why a life sentence should not be imposed. Corbitt makes allegations that once again admit his involvement in the crimes but makes excuses for

_____

[2] The letters are not in the record of this appeal. The State, in its Response, requests that judicial notice be taken of those letters, portions of which are in this court's records of Corbitt's prior direct appeal. Because Corbitt refers to them in his petition, we believe it is appropriate to take judicial notice of them. See Tedesco v. Dep't of Rev., 93 So. 3d 1236, 1237 n.1 (Fla. 2d DCA 2012).

3

his misconduct in an attempt to mitigate his sentence. Specifically, Corbitt contends that he thought he would get 16.85 years rather than life and did not understand that life imprisonment was an option. He also claims that he did not remember shooting the officer and that his deceased accomplice was primarily responsible for the crimes.

As a motion to withdraw plea, the letters are facially inadequate, and the motion should have been dismissed as a nullity. See Sheppard v. State, 17 So. 3d 275, 287 (Fla. 2009) (holding that if a pro se motion to withdraw plea does not allege an adversarial relationship with the defendant's attorney "such as counsel's misadvice, misrepresentation, or coercion," it should be stricken as a nullity). Nevertheless, the trial court considered the letters as a motion to withdraw plea, heard the motion, and summarily denied it. Even if the letters could be considered a proper motion, the trial court did not abuse its discretion in summarily denying it because the reasons Corbitt alleged are clearly rebutted by the sworn admissions he made during the plea colloquy. The courts have consistently held that when defendants seek to set aside their pleas, they are bound by those admissions. See Wagner v. State, 177 So. 3d 695, 697 (Fla. 5th DCA 2015); Conner v. State, 97 So. 3d 976, 976 (Fla. 5th DCA 2012); Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006); Thompson v. State, 50 So. 3d 1208, 1211 (Fla. 4th DCA 2010). Once the trial court made its ruling and findings on the record, it then proceeded with the sentencing hearing.

Corbitt's attorney argued in mitigation that, although Corbitt committed the crimes, he was a follower and he was led into the events of that day by his deceased accomplice. Corbitt also presented several mitigation witnesses. The State called several witnesses to testify about the impact Corbitt and his crimes had on their lives and argued that the

4

statements in Corbitt's letters showed his refusal to take responsibility for his wrongful conduct. The statement by the trial court that Corbitt took little responsibility for what he did was made as the trial judge was attempting to find mitigating factors to consider in imposing the sentence. The transcript of the sentencing hearing reveals the following discussion (emphasis added):

> THE COURT: All right, Mr. Corbitt, your attorney is right in making one assertion that I've carefully noted here, that the purpose of sentencing is not vengeance, it's to determine the appropriate amount of sentence necessary to accomplish whatever goals, sentencing goals, are defined by the sentencing authority. So if 15 years will do, you don't do 30. If 30 will do, you don't do life. **And in determining what the appropriate sentence should be, I calmly look through and comb through all of the potential mitigation to determine what the appropriate sentence should be.**
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: And from the moment you entered your plea, I've been -- I've been deliberating on that, considering that, and certainly no decision has been made until I've had an opportunity to review all of the evidence.
>
> And the pieces of that puzzle that assist me in determining the appropriate sentence, for example, first and foremost is acceptance of responsibility. And I submit to you that notwithstanding your assertion under oath to me, previously when you entered your plea that you shot Detective Tiller, you've retreated from that. And whether or not we can -- we can debate the extent to which you've retreated from that, but you've retreated from that. You've accepted little responsibility for what happened here.
>
> **So I look further and aggressively through your Presentence Investigation to try to find some level of mitigation that would justify some sort of sentence that's less than the maximum** . . . .

Corbitt did not object to these statements, which is why he asserts fundamental error. As we will explain, because there is no error, there is no fundamental error to analyze.

5

The courts have held that "[c]onsideration of remorse is . . . appropriate if it occurs during a court's consideration of whether or not to mitigate a sentence." Rankin v. State, 174 So. 3d 1092, 1097 (Fla. 4th DCA 2015); see also K.N.M. v. State, 793 So. 2d 1195, 1198 (Fla. 5th DCA 2001) (holding that "remorse and an admission of guilt may be grounds for mitigation of a sentence or a disposition"); Godwin v. State, 160 So. 3d 497, 498 (Fla. 2d DCA 2015) ("[W]e agree with the postconviction court that in context, the trial court's comments at sentencing were made in connection with its rejection of the argument for mitigation."); Shelton v. State, 59 So. 3d 248, 250 (Fla. 4th DCA 2011). After the trial court found there were no mitigating factors, it then examined all of the evidence presented in arriving at its sentence. Under these circumstances, we do not believe it was error for the trial court to consider Corbitt's lack of remorse or failure to take responsibility for his crimes during sentencing.

Corbitt's petition should be denied for a second reason. As previously explained, prior to sentencing, Corbitt had freely and voluntarily entered a plea and waived his constitutional rights, including his rights to remain silent and to a jury trial. Even if the trial court had not considered Corbitt's lack of responsibility or remorse in mitigation, because Corbitt entered a plea and admitted under oath his involvement in the crimes, those considerations would not have been error.

The stated reason for the general rule prohibiting a trial court from considering a defendant's lack of responsibility or remorse during sentencing is to ensure that a defendant is not unfairly punished for his plea of not guilty and the exercise of his constitutional rights to remain silent and to proceed to a jury trial. As the Florida Supreme Court in Holton v. State explained:

6

> A defendant has the right to maintain his or her innocence and have a trial by jury. Art. I, § 22, Fla. Const. The protection provided by the [F]ifth [A]mendment to the United States Constitution guarantees an accused the right against self-incrimination. The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt.

573 So. 2d 284, 292 (Fla. 1990); see also Robinson v. State, 108 So. 3d 1150, 1151 (Fla. 5th DCA 2013); Jiles v. State, 18 So. 3d 1216, 1216 (Fla. 5th DCA 2009); K.N.M., 793 So. 2d at 1198; Peters v. State, 128 So. 3d 832, 847 (Fla. 4th DCA 2013); Green v. State, 84 So. 3d 1169, 1171-72 (Fla. 3d DCA 2012); Holt v. State, 33 So. 3d 811, 812 (Fla. 4th DCA 2010); Ritter v. State, 885 So. 2d 413, 414 (Fla. 1st DCA 2004).

This court and others have held that the reason for the rule evaporates when a defendant freely and voluntarily enters a plea and admits his involvement in the crimes or presents testimony regarding his involvement in the crimes during trial. See Lincoln v. State, 978 So. 2d 246, 247 (Fla. 5th DCA 2008); St. Val v. State, 958 So. 2d 1146, 1147 (Fla. 4th DCA 2007), review dismissed, 982 So. 2d 682 (Fla. 2008); Peake v. State, 490 So. 2d 1325, 1326 (Fla. 1st DCA 1986); see also Peters, 128 So. 3d at 847.

In Peake, the defendant entered a plea to the crimes charged and was sentenced. 490 So. 2d at 1325. He challenged his sentence on appeal, contending that four reasons existed to reverse his sentence. Id. In the fourth reason, he alleged that the trial court erred in considering the fact that the defendant attempted to place some of the blame for his conduct on the victim. Id. In affirming the sentence, the First District Court explained:

> We do not believe that the validity of reason # 4 is governed by the cases which have disapproved the trial court's reliance upon the defendant's apparent untruthfulness at trial or lack of remorse. See Perez v. State, 485 So. 2d 24 (Fla. 1st DCA

7

1986); <u>Hubler v. State</u>, 458 So. 2d 350 (Fla. 1st DCA 1984); <u>Guerrero v. State</u>, 484 So. 2d 59 (Fla. 2nd DCA 1986); and <u>Pursell v. State</u>, 483 So. 2d 94 (Fla. 2nd DCA 1986).

In <u>Hubler</u>, the defendant pled not guilty, went to trial, and presented certain alibi witnesses. The jury found him guilty. In departing from the guidelines sentence, the trial court gave as reasons Hubler's lack of remorse and his apparent subornation of perjury. In reversing, this Court stated:

> [W]here the defendant has at all times denied committing the battery charged and has persisted in maintaining his innocence, we conclude that it was improper for the trial court to aggravate the sentence imposed because the defendant failed to exhibit remorse for having committed the offense. This is but a corollary of the rule that a trial court may not impose a greater sentence because the defendant has availed himself of his constitutional right to a trial by jury (citations omitted).

<u>Id.</u> at 353. In the instant case, as reflected in the presentence investigation report, the defendant admitted the offenses from the time of his arrest. However, in an apparent effort to mitigate his conduct (as opposed to a defense to the charges), he claimed that his eight year old stepdaughter initiated his sexual encounters with her. Thus, the defendant did not continue to maintain his innocence in the face of accusations, as was the concern in <u>Hubler</u>, but, rather, admitted the crimes and understood them to be wrong.

<u>Id.</u> at 1325-26. Like the defendant in <u>Peake</u>, Corbitt admitted his involvement in the crimes and that he shot the officer. However, he attempted to mitigate his responsibility by claiming he was a follower and by trying to lay most of the blame for the crimes on his deceased accomplice.

Even in cases where the defendant exercises his right to a jury trial, this court has held that if he presents testimony admitting his involvement in the crime, it is not error for

8

the trial court to consider the defendant's lack of remorse during sentencing. As this court explained in Lincoln:

> This appeal involves the propriety of the trial court's enunciation of the defendant's lack of remorse as a factor in imposing sentence on two counts of sexual battery upon a child (familial authority). The defendant, relying on several cases including Holton v. State, 573 So. 2d 284 (Fla. 1990), Lyons v. State, 730 So. 2d 833 (Fla. 4th DCA 1999) and K.Y.L. v. State, 685 So. 2d 1380 (Fla. 1st DCA 1997), disapproved on other grounds in State v. J.P.C., 731 So. 2d 1255 (Fla. 1999), urges that lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence.
>
> We believe that St. Val v. State, 958 So. 2d 1146 (Fla. 4th DCA), rev. granted, 966 So. 2d 968 (Fla. 2007), offers the proper framework for deciding this issue. As in St. Val, the trial court here, in imposing a sentence within the strictures of the criminal punishment code, was not punishing the defendant for exercising his constitutional right to plead not guilty and maintain his innocence. Rather, the defendant had testified at trial and was unable to explain incriminating comments he made in recorded telephone exchanges with the child victim. In one exchange, the victim referred to the "sex part" and the defendant replied, "You didn't enjoy that?" The defendant additionally at one point during sentencing admitted he was sorry for "the whole thing," for "what I did," though he then raised challenges to the child victim's credibility.
>
> Under these circumstances, the trial court properly took into account the defendant's lack of remorse for his misconduct.

978 So. 2d at 247 (footnote omitted). Like the trial court in Lincoln, the trial court in the instant case properly took into consideration Corbitt's attempts to place responsibility for his crimes on his deceased accomplice.

Because St. Val sets the proper framework to resolve the issue in this case, a discussion of that case is pertinent. In St. Val, the jury convicted the defendant of attempted first-degree murder with a firearm, attempted second-degree murder, and

9

shooting into a vehicle. 958 So. 2d at 1146. The evidence presented in that case was that the defendant shot at two people in a car, wounding one in the arm. Id. The defendant attempted to explain his involvement in the crimes as "an accident in which someone just happened to get shot." Id. At sentencing, the trial court considered the defendant's lack of remorse in rejecting the defendant's characterization of the incident as an accident. Id. In affirming the sentence, the Fourth District Court held that "[w]e reject appellant's contention that a sentencing judge may never take a defendant's lack of remorse into consideration when imposing sentence." Id. The court stated that remorse for the crimes committed "is the type of factor that judges have historically taken into consideration in imposing sentence." Id. at 1146-47. The court further stated that lack of remorse may not be considered in cases where defendants maintain their innocence at sentencing. Id. at 1147. The court explained its ruling as follows:

> K.Y.L. [v. State, 685 So. 2d 1380, 1381 (Fla. 1st DCA 1997),] stated that "lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence." As authority for this statement, K.Y.L. cited Holton and A.S. K.Y.L., 685 So. 2d at 1381. K.Y.L. misstates the holdings of Holton and A.S.; both cases involve defendants who maintained their innocence at sentencing, not defendants who did not contest their commission of criminal acts, but who failed to exhibit remorse for them. The first district recognized this distinction in Peake v. State, 490 So. 2d 1325, 1326 (Fla. 1st DCA 1986); the court upheld an enhanced sentence imposed on a defendant for lewd assault on a child, where the defendant did not protest his innocence, but exhibited a lack of remorse when he argued in mitigation that the eight year old victim had initiated the sexual encounters with him.
>
> This is not a case where a defendant was punished for protesting his innocence as in A.S., Johnson [v. State, 948 So. 2d 1014 (Fla. 3d DCA 2007)], and Holton.

Id.

10

It is important to note that <u>Lincoln</u> and <u>St. Val</u> certified conflict with <u>K.Y.L.</u>, which holds that a defendant's lack of remorse is "a constitutionally impermissible consideration in imposing sentence" in all circumstances. <u>K.Y.L.</u>, 685 So. 2d at 1381; <u>see also</u> <u>Lincoln</u>, 978 So. 2d at 247; <u>St. Val</u>, 958 So. 2d at 1148. Thus, this court and the Fourth District Court rejected the notion that considerations like lack of remorse or failure to accept responsibility are constitutionally impermissible sentencing factors in all cases. For this reason, subsequent decisions are careful to point out that the defendants, unlike Corbitt in the instant case, consistently maintained their innocence throughout trial and sentencing. <u>See</u> <u>Robinson</u>, 108 So. 3d at 1151 (reversing a sentence imposed after a jury trial because the trial court considered lack of remorse and specifically noting that "[a]t sentencing, Robinson maintained his innocence"); <u>Peters</u>, 128 So. 3d at 847 (holding that the rule "emanated from cases where a defendant consistently maintained his innocence"); <u>Jiles</u>, 18 So. 3d at 1216 (reversing a sentence because the trial court considered the defendant's refusal to accept responsibility and stating that "Jiles maintained his innocence at trial and during sentencing"); <u>Holt</u>, 33 So. 3d at 811 (explaining that "Holt has repeatedly denied committing the crimes charged and has persisted in maintaining his innocence"); <u>Bracero v. State</u>, 10 So. 3d 664, 665 (Fla. 2d DCA 2009) (holding that, after a jury verdict of guilty and the defendant's steadfast claims of innocence at sentencing, it was improper for the court to consider "the fact that a defendant continues to maintain his innocence"); <u>Ritter</u>, 885 So. 2d at 414 (reversing a sentence after a jury trial and concluding that "it is constitutionally impermissible . . . to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt").

The rule that prohibits consideration of the defendant's lack of responsibility or remorse applies in cases where the defendant entered a plea of not guilty, proceeded to trial, and continued to maintain his innocence at sentencing. We have found no case, and do not believe any exists, that applies the rule to require resentencing when the defendant waived his rights, entered a plea, and admitted his guilt.

In summary, lack of responsibility or remorse was considered in mitigation of Corbitt's sentence. Even if it were otherwise, Corbitt freely and voluntarily entered a plea and admitted under oath that he committed the crimes. We do not think it appropriate to apply a rule of law intended to protect the very rights Corbitt has waived. Because Corbitt's appellate counsel cannot be faulted for failing to raise issues that are not erroneous, see Davis v. State, 875 So. 2d 359, 373 (Fla. 2003), we deny the Petition for Writ of Habeas Corpus.

PETITION DENIED.

LAWSON, C.J., and EVANDER, J., concur.