DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILSON PIERRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3863

[November 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama, Judge; L.T. Case No. 502007CF005269AXXXMB.

Louis G. Carres, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

HILAL, JENNIFER, Associate Judge.

The defendant, Wilson Pierre, appeals his conviction for second-degree murder, as well as his forty-year sentence, after a retrial was held pursuant to this Court's July 2, 2014 order in *Pierre v. State*, 141 So. 3d 711 (Fla. 4th DCA 2014). The defendant contends the trial court erred in five ways.[1] We affirm on four of the issues without discussion and affirm the defendant's conviction. However, we agree with the defendant's contention that the trial court erred by denying the correction of a sentencing error when the trial court considered a lack of remorse at sentencing. On that issue, we reverse and remand for a new sentencing hearing to take place in front of a different judge.

---

[1] 1. The evidence was legally insufficient and a judgment of acquittal should have been granted. 2. The defendant was denied a fair trial due to improper statements made by the prosecutor. 3. The trial court failed to conduct an adequate inquiry pursuant to *Nelson v. State,* 274 So. 2d 256 (Fla. 4th DCA 1973). 4. The trial court failed to give the necessary lesser-included jury instruction of manslaughter. 5. The trial court improperly considered the defendant's lack of remorse at sentencing.

***Background***

The victim was shopping at the Boynton Beach Mall on Christmas Eve 2006, when he was confronted by the defendant and three other men. After a verbal argument, the fighting became physical between the men. The State offered evidence that the defendant pulled a gun from his waistband and shot the victim four or five times. The defense argued that the evidence was circumstantial and that the State failed to provide the jury with any direct evidence that the defendant was the individual who committed the crime. After the retrial of the defendant, he was found guilty and sentenced to forty years in prison with a twenty-five year minimum-mandatory sentence.

At the sentencing hearing on November 14, 2016, the State requested that the court impose the maximum sentence permitted, which was a forty-year minimum-mandatory sentence pursuant to section 775.087, Florida Statutes, otherwise referred to as the 10-20-Life statute. The defense argued that the defendant had limited prior criminal history and was seeking the statutory minimum of twenty-five years in prison. The defense further clarified that the defendant was not seeking a downward departure because he was not entitled to one, but was merely seeking the statutory minimum sentence, whereas the State was requesting the maximum.

At sentencing, the trial judge stated:

> I was the presiding judge over the trial in this matter. And the jury returned a verdict of second-degree murder, which is, I believe, supported by the facts, at a minimum.

> I believe that this was a cold-blooded killing, resulted in the death of Berno Charlemond on Christmas Eve in the Boynton Beach Mall in 2006, a crime for which the jury found you guilty and of which you've shown no remorse for.

> So I'm sentencing you to forty years in the Department of Corrections with credit for the time that you've already served, which – Mr. Salerno, do you have a number for me?

Subsequently, the defendant made a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on grounds that the judge had said the killing was "cold-blooded," which implied a consideration of a higher degree of murder than second-degree murder, for which he had been convicted, and on grounds that the judge said the defendant had shown "no remorse."

2

The trial court entered an order denying that motion. In the order, the court noted that the alleged errors were not preserved by a contemporaneous objection, and it would have to be fundamental error for the court to address it. The court further noted that it may consider a lack of remorse when rejecting mitigation, citing *Corbitt v. State*, 220 So. 3d 446 (Fla. 5th DCA 2016).

### *Analysis*

A motion to correct a sentencing error involves a pure issue of law, for which the standard of review is de novo. *Salter v. State*, 77 So. 3d 760, 764 (Fla. 4th DCA 2011).

We hold that the trial court improperly relied on *Corbitt*, where the defendant in that case had pled, waived his right to a jury trial, and admitted that he committed the alleged crimes. *Corbitt*, 220 So. 3d at 448. Those facts are very different than the case before us, where the defendant has maintained his innocence.

The State contends that the statement made by the trial court regarding a lack of remorse was an isolated comment and did not amount to fundamental error. We disagree and apply the rationale in *Whitmore v. State*, 27 So. 3d 168 (Fla. 4th DCA 2010), where we found that a lack of remorse cannot be taken into consideration at sentencing when a defendant is protesting his innocence. *Id.* at 171. In *Whitmore*, this Court explained:

> In *Holton v. State*, 573 So. 2d 284, 292 (Fla.1990), the Florida Supreme Court held that a trial court violates due process by using a protestation of innocence against a defendant at sentencing. This is in accord with a long, unwavering line of cases, both before and after *Holton*. *See Donaldson v. State*, 16 So. 3d 314, 314 (Fla. 4th DCA 2009) (holding that the trial court violated defendant's right against self-incrimination by considering defendant's protestations of innocence and lack of remorse in sentencing); *Johnson v. State*, 948 So. 2d 1014, 1017 (Fla. 3d DCA 2007) ("[R]e-sentencing is required even if a defendant's refusal to admit guilt was but one of several factors considered by the court in imposing sentence."); *Gilchrist v. State*, 938 So. 2d 654, 657-58 (Fla. 4th DCA 2006) ("When a court predicates the length of a sentence on the defendant's failure to show any inclination toward repentance, the court violates the defendant's right not to be required to incriminate himself."); *Aliyev v. State*, 835 So. 2d 1232, 1234 (Fla. 4th DCA 2003) (stating that the trial court could not impose a harsher sentence because the defendant "exercised

his constitutional right to a jury trial, maintained his innocence, or failed to show remorse"); *Soto v. State*, 874 So. 2d 1215, 1217 (Fla. 3d DCA 2004) (holding that continued protestation of innocence should not be a factor in sentencing); *Lyons v. State*, 730 So. 2d 833 (Fla. 4th DCA 1999) (reversing sentence where court imposed lengthy sentence after defendant maintained his innocence and refused to tell court where stolen property was located); *A.S. v. State*, 667 So. 2d 994, 996 (Fla. 3d DCA 1996) ("The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt."); *Exposito v. State, Dep't of Bus. Regulation*, 508 So. 2d 451, 452 (Fla. 3d DCA 1987) ("[A] party may not be penalized for lack of 'remorse' where he has a legitimate right to maintain his innocence."); *Hubler v. State*, 458 So. 2d 350, 353 (Fla. 1st DCA 1984) ("[W]here the defendant has at all times denied committing the battery charged and has persisted in maintaining his innocence, we conclude that it was improper for the trial court to aggravate the sentence imposed because the defendant failed to exhibit remorse for having committed the offense."); *Harden v. State*, 428 So. 2d 316, 317 (Fla. 4th DCA 1983) ("Where the court predicated the length of the sentence on the defendant's failure to show any inclination toward repentance, which in the context of the comment clearly meant a failure to confess, the court violated the defendant's right not to be required to incriminate himself.").

*Id.*

### Conclusion

Based on the foregoing, we affirm the defendant's conviction; however, we reverse and remand the case for a new sentencing hearing to take place in front of a different judge.

MAY and FORST, JJ. concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**