DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELCIN SIBRUN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1629

[September 30, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432018CF000490A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Elcin Sibrun appeals his convictions and sentences for one count of lewd or lascivious battery on a person older than twelve years old but less than sixteen years old and seven counts of electronic transmission of material harmful to a minor. Sibrun raises five issues on appeal and, except for one, we affirm without comment.

For the fifth issue, Sibrun argues that the circuit court erred when it considered his lack of remorse in sentencing him. At sentencing, the court stated that based on Sibrun's testimony, the presentence investigation report, and letters from supporters, Sibrun had "not accepted any responsibility" or shown "any type of remorse or acceptance of guilt," which "matter[ed]" to the court.

We have held that a court cannot consider a defendant's "protestations of innocence and failure to show remorse in determining what sentence to impose." *Donaldson v. State*, 16 So. 3d 314, 314 (Fla. 4th DCA 2009) (citations omitted); *see also Pierre v. State*, 259 So. 3d 859, 861–62 (Fla.

4th DCA 2018).[1]  We have also held that "[r]e-sentencing is required even if a defendant's refusal to admit guilt was but one of several factors considered by the court in imposing sentence." *James v. State*, 264 So. 3d 982, 987 (Fla. 4th DCA 2019) (quoting *Johnson v. State*, 948 So. 2d 1014, 1017 (Fla. 3d DCA 2017)).  Those decisions control our disposition in this case.  We must reverse Sibrun's sentences and remand for resentencing before a different judge.  *See id.* (citation omitted).

We also note that the First District recently reached a contrary result. *See Davis v. State*, 268 So. 3d 958, 961 (Fla. 1st DCA 2019) (en banc), *rev. granted*, No. SC19-716, 2019 WL 2427789 (Fla. June 11, 2019) ("We hold that a trial judge does not violate a defendant's due process rights by merely considering the defendant's lack of remorse or refusal to accept responsibility.  We hold that lack of remorse and refusal to accept responsibility can be valid sentencing considerations when sentencing within the statutory range, and we recede from our cases that suggest otherwise.").  We certify conflict with the First District's decision in *Davis*.

*Reversed and remanded for resentencing; conflict certified.*

LEVINE, C.J., GERBER and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] In *St. Val v. State*, 958 So. 2d 1146, 1146 (Fla. 4th DCA 2007), this Court rejected the contention that a sentencing judge may never take a defendant's lack of remorse into consideration when imposing sentence.  But the facts in that case are not relevant here.  The consideration of remorse is appropriate in other circumstances, *see, e.g.,* § 921.0026(2)(j), Fla. Stat. (2019), but those circumstances are also not present in this case.