# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-5299

———————————————

DEVIN R. BARTLEY,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
James Daniel, Judge.

September 10, 2020

RAY, C.J.

Devin R. Bartley challenges the thirty-five-year sentence imposed by the trial court after he pleaded guilty to one count of second-degree murder. He alleges that the court committed fundamental error by considering his lack of remorse when imposing the sentence. For the reasons discussed below, we affirm.

I.

The State charged Bartley with second-degree murder stemming from his involvement in a botched robbery of the victim. Bartley entered a negotiated plea of guilty as charged in exchange for the State's agreement to waive the twenty-five-year mandatory-minimum sentence that would otherwise apply. The

plea agreement also called for a presentence investigation ("PSI") report before sentencing and provided for a sentencing range of ten to thirty-five years in prison, with a mandatory-minimum term of ten years.

After accepting Bartley's guilty plea, the trial court ordered a PSI. In part, the PSI author noted: "The offender exhibited no remorse for the victim or his actions. . . . It would appear to this writer that the defendant does not fully take responsibility for his actions or his role in the victim's death." The PSI ultimately recommended a sentence of ten years in prison.

At the sentencing hearing, defense counsel challenged the PSI's conclusion that Bartley did not show remorse. In his allocution, Bartley asked the victim's family to forgive him for "my role in this entire situation." He also said, "I felt as though I was protecting myself, but yet I was hurting someone else and that was never my intentions," and "I caused [sic] someone their life and I would like to ask for forgiveness." His counsel repeatedly sought mercy from the court and asserted that Bartley was remorseful.

In response, the State argued that it showed Bartley mercy when it decided not to seek an indictment for felony murder—which carried a mandatory life sentence—so that Bartley "would not lose his entire life, although he did cause [the victim] to lose his life." Relying on the PSI, the State asserted that Bartley showed no remorse for his actions and that his apology at sentencing "was flat."

When imposing the sentence, the trial court stated in part:

> The State has shown you mercy in this case . . . by agreeing to a ten-year to thirty-five-year sentence, the question is, should this court afford you any further mercy based on everything that I have heard? And unfortunately, I did not feel that any further mercy is warranted in this case given what's happened costing the life of a completely innocent person . . . .

2

The court then adjudicated Bartley guilty and sentenced him to thirty-five years in prison with a ten-year mandatory-minimum sentence. This appeal followed.

## II.

Bartley contends that the trial court improperly considered his lack of remorse when imposing sentence because such a consideration violates his privilege against compelled self-incrimination provided by the Fifth Amendment to the U.S. Constitution. He alleges that because his remorse, or lack thereof, was the central issue raised by both parties at sentencing, the court's statement that it should not afford him any further mercy "based on everything I have heard" shows that his sentence was conditioned, at least in part, on his perceived lack of remorse.

Bartley's claim lacks merit. To begin with, Bartley has failed to show that consideration of a lack of remorse affected his sentence. That the trial court imposed the maximum sentence under the plea agreement does not mean the court (1) found Bartley unremorseful, or (2) used that against him in sentencing. Consideration of the entirety of the court's statement preceding the pronouncement of sentence demonstrates that the court considered Bartley's mitigating evidence and the nature of the crime and found the latter more persuasive. To be sure, the court stated exactly why it imposed the sentence it did—Bartley's actions cost an innocent man his life.

Even if the court did consider Bartley's lack of remorse, there was no error. In *Davis v. State*, 268 So. 3d 958 (Fla. 1st DCA 2019) (en banc), *review granted* No. SC19-716, 2019 WL 2427789 (Fla. June 11, 2019), this Court, sitting en banc, held that in non-capital sentencing proceedings, a trial court may consider a defendant's lack of remorse or failure to take responsibility when imposing sentence.

What is more, the pre-*Davis* prohibition against consideration of lack of remorse does not apply to a defendant, like Bartley, who has pleaded guilty and admitted his involvement in the crime. *See Corbitt v. State*, 220 So. 3d 446, 450–51 (Fla. 5th DCA 2016); *see also Peake v. State*, 490 So. 2d 1325, 1325–26 (Fla. 1st DCA 1986) (affirming the defendant's sentence and approving the trial court's

3

reliance on his apparent lack of remorse when he admitted guilt rather than maintaining his innocence). Nor does the pre-*Davis* prohibition apply to defendants who argue remorse as a reason to mitigate the sentence. *See Catledge v. State*, 255 So. 3d 937, 940–41 (Fla. 1st DCA 2018), *receded from on other grounds by Davis*, 268 So. 3d at 961. Here, Bartley admitted committing the crime by pleading guilty, and at sentencing he voluntarily incriminated himself in asking for mercy. Thus, even if *Davis* did not control this case, Bartley would not be entitled to relief.

## III.

Because Bartley's claim that the trial court considered his lack of remorse when imposing sentence is unsupported by the record, and because the court was well within its rights to consider the lack of remorse had it chosen to do so, we affirm his sentence.

AFFIRMED.

ROWE and TANENBAUM, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Mitchell A. Stone and Valarie Linnen, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.

4